## Fox v. William Deering & Co.

1. An attorney at law retained and authorized to institute and prosecute an action in claim and delivery has implied authority to proceed in an orderly way, and to direct such incidental things to be done as may reasonably seem necessary, under the circumstances, to protect the interest of his client, and attain the end for which the suit was instituted.

2. An officer who has seized personal property in an action in claim and delivery may withhold the possession thereof from a person otherwise entitled thereto, until he has received his lawful fees for taking and his necessary expenses for keeping the same. Comp. Laws ¿ 4981.

(Syllabus by the Court. Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Miner county. Hon. D. Haney, Judge.

Action to recover sheriff's fees for keeping personal property, Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Preston & Hannett,* for appellant.

*Farmer & Farmer,* for respondent.

To constitute a valid levy upon personal property, the officer must take actual possession, and exercise such control as in the absence of the writ, would amount to trespass. Powell v. Kechnie, 3 Dak. 319; Kix v. Silkmitter, 10 N. W. 553; Hibbard v. Lenor. 39 N. W. 714; Davis v. Bugliss, 1 N. W. 212. Bickler v. Kendall, 24 N. W. 518. The custody of the claimant is the custody of the officer, and because the plaintiff has been given the possession under the bond or the defendant under the redelivery bond, the property is not withdrawn from the custody of the law. Hogan v. Lucas, 10 Peters U. S. 400; Sellick v. Phelps, 11 Wis. 398; Acker v. White 25 Wend. 614; Renner v. Dyball, 42 Ill. 34. Both the process and the law which conveys authority under it, are for the benefit of the party in whose behalf it is issued, and an attorney has power to qualify its general effect by whatever special directions he may think proper to give. Root v. Wagner, 30 N. Y. 9; Read v. French, 28 N. Y. 285; Garham v. Gale, 7 Cow. 739; Mec-

hem on Agency, Sec. 816; Clark v. Randall, 9 Wis. 135; Sheldon v. Payne, 7 N. Y. 453.

Fuller, J.   The essential facts and circumstances constituting the basis of this action, instituted by a sheriff to recover fees and expenses for taking and keeping certain personal property seized under an affidavit in an action in claim and delivery, wherein William Deering & Co., was plaintiff, and A. Seaman was defendant, may be briefly stated as follows:   On the 10th day of September, 1891, for the purpose of foreclosure and sale under a chattel mortgage, and by direction of defendant's agent, P. J. Ryan, and its attorney, D. D. Holdridge, Esq., plaintiff herein served upon said Seaman the usual papers in an action in claim and delivery, and seized thereunder, and took into his possession, and held until March 10, 1893, 512 bushels of wheat.   While the property so levied upon was in the hands of the sheriff, and by said officer being removed, by direction of the agent and attorney of defendant herein, to the village of Howard, for the purpose of storage and safekeeping, the defendant in said action provided an approved redelivery bond, and demanded a return of the property, which was by the sheriff refused, on the ground that his lawful fees and necessary expenses in connection with the proceeding had not been paid, and for the further reason that he was by the agent and by the attorney of William Deering & Co. instructed to hold and finish removing the wheat to Howard, notwithstanding the understanding; they agreeing at the time to furnish the sheriff with a sufficient indemnifying bond, and take actual possession of the wheat for William Deering & Co. This was never done, and the expense of guarding the grain during the time it remained in Seaman's granary, after the levy, and while it was being placed in sacks for the purpose of identification and removal, together with the amount paid to teamsters, at the solicitation of Ryan, for removing the same to the village of Howard, and the expense of storage, never has been paid, although numerous and timely demands were made upon William Deering & Co. and its agents therefor.

This appeal is from a judgment entered upon a verdict against
the defendant in plaintiff's favor, in which the foregoing expenses
are included, and there is no dispute about the reasonableness
thereof. The authority of Ryan to employ counsel and cause the
action to be instituted and prosecuted against Seaman in the name
of Deering & Co. is practically conceded, but counsel vigorously
maintain that appellant in no manner became liable to pay to the
sheriff the expense incurred in connection with the removal and
care of the grain, for the reason that neither Holdridge nor Ryan
had authority to direct the sheriff to remove the grain from the
possession of Seaman to the village of Howard, and for the further
reason that the same should have been immediately returned to
Seaman upon the approval of his redelivery bond.

The case, as presented, requires but little more than a con-
struction of section 4981 of the Compiled Laws, relating to claim
and delivery, which is as follows: "When the sheriff shall have
taken property as in this article provided, he shall keep it in a se-
cure place, and deliver it to the party entitled thereto, upon re-
ceiving his lawful fees for taking and his necessary expenses for
keeping the same." The written undertaking provided by Sea-
man, conditioned as required by statute, and approved by the
sheriff, entitled him to the possession of the property only upon
payment to the sheriff of his lawful fees for taking and his neces-
sary expense for keeping the grain. While the undertaking
which the statute contemplates and requires a defendant to give
to the sheriff is for the protection of the plaintiff after the prop-
erty seized has been returned to the defendant, the redelivery
bond under consideration was not relied upon and was ignored by
the agents of plaintiff, upon the theory that the same was not
provided before plaintiff became entitled to the possession of the
property under the statute, and as a matter of law said undertak-
ing never became operative, because the sheriff, in the exercise of
his statutory right to insist upon the payment of his fees and ex-
penses, as a condition precedent, withheld from the defendant and
offered to deliver to plaintiff, upon payment of his fees and ex-

penses, all the property it required him to seize at the time the suit was commenced. As both plaintiff and defendant refused to pay the sheriff's lawful fees and necessary expenses in taking and keeping the property, neither party was entitled to the possession thereof during the pendency of the action; and plaintiff's liability to pay such fees and expenses, and the officer's duty to safely keep and account for the property, subject to the direction of the court, were unchanged by defendant's ineffectual effort to regain possession thereof.

Appellant, a nonresident corporation, and plaintiff in the former action, directed its attorney to bring the suit, and authorized its local agent to make in its behalf the affidavit and undertaking upon which the immediate delivery of the property was claimed, and by virtue of which it was seized and taken into the possession of the sheriff; and, in the absence of anything to the contrary, such express authority carries with it, by implication, power and authority to bind and obligate the company to pay the expense of removing the grain from the premises of the defendant, where the seizure was made, to a place where the same could be stored and safely kept. Mechem, Ag. section 816, and cases there cited. It has been observed that the defendant in that case was not, as a matter of right, entitled to the possession of the property until he paid the officer's fees and expenses; and the undisputed evidence shows that both the agent and attorney of appellant ordered and directed the officer to employ teams and men to remove the grain to the village of Howard, and Mr. Ryan assured him that appellant would reimburse him for the costs and expenses thereof. The relation of appellant to the men who ordered the grain to be removed to Howard, and who entered into an agreement that the company would pay the officer all money advanced to teamsters and for storage, was of such a character that appellant would be bound thereby, independently of the obligation to pay the legal fees and necessary expenses imposed by statute. Under the law as given by the trial court, the jury found from the evidence that

respondent's claim for fees and expenses was lawful, reasonable, and necessarily rendered; and the judgment entered upon its verdict is affirmed.