## PRODUCERS SUPPLY CO. v. SINCLAIR OIL & GAS CO.

No. 13645—Opinion Filed March 18, 1924.

Rehearing Denied Dec. 16, 1924.

### 1. Replevin—Recovery on Own Title.

In an action in replevin a plaintiff must recover upon the strength of his own title, or right to possession of the property, described in his pleadings, and cannot rely upon the weakness of title, or right of possession, in his adversary.

### 2. Same—Burden of Proof.

In an action in replevin the defendant, by giving a redelivery bond, does not admit the title to be in plaintiff, nor does it admit that the plaintiff is entitled to possession of the identical property described in the petition, affidavit, and order of replevin, and its answer, by way of general denial, puts the plaintiff upon its proof to show title and right of possession in itself as against the world.

### 3. Same—Erroneous Rejection of Defensive Evidence.

The testimony offered by defendant to show that the property, sought to be re-plevied in the instant case, was not the property of plaintiff, described by the witnesses for plaintiff, and had never been in the possession of plaintiff, which was rejected by the court, was clearly admissible, and defendant was not estopped from making such proof by having given a redelivery bond and it was reversible error to deny the defendant the right to introduce such evidence.

(Syllabus by Thompson, C.)

Commissioners 'Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by the Sinclair Oil & Gas Company, a corporation, against the Producers Supply Company, a corporation, for the recovery of fifty-four joints of 8¼ inch casing, of the value of $2,437.10. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

Samuel A. Boorstin and J. D. Johnston, for plaintiff in error.

Edward H. Chandler, Summers Hardy, and Wendell Johnson, for defendant in error.

This action was begun in the superior court of Tulsa county by the Sinclair Oil & Gas Company, a corporation, defendant in error, plaintiff below, against the Producers Supply Company, a corporation, plaintiff in error, defendant below, for the recovery of 54 joints of 8¼ inch casing of the value of $2,437.10.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The petition, which is in regular form for an action in replevin, was filed on the 23rd day of September, 1920, for the recovery of 54 joints of 8¼ inch casing, being what is commonly known as first run pipe of the value of $2,437.10. That on or about the 9th day of July, 1920, in the city of Tulsa, Tulsa county, Okla., the defendant, Producers Supply Company, wrongfully detained from this plaintiff, and still detains from this plaintiff, and had and now has in its possession said pipe. * * *"

The affidavit in replevin and the writ of replevin have the same description of the property sought to be recovered.

The sheriff of Tulsa county served said writ on the 23rd day of September, 1920, and made his return, in which he stated:

"I executed the same by taking possession of the property therein."

The defendant executed the redelivery bond within the statutory time, which recites, among other things, the following:

"That whereas, the above named plaintiff has caused to be issued out of the above entitled court in the above entitled cause a writ of replevin, under and by authority of which the property of the defendant described therein has been taken by James Wooley as sheriff of said county. Now, if the defendant above named shall deliver said property to said plaintiff, if such delivery be adjudged, and shall pay all costs and damages that may be awarded against it then this obligation to be void, otherwise to remain in full force and effect."

Defendant filed answer by way of general denial.

The case came on for trial before a jury and the plaintiff introduced its evidence, showing that on the 28th day of May, 1920, plaintiff had stolen from its "Barnes lease," in Eastland county, Tex., 54 joints of 8¼ inch casing, weighing 32 pounds to the foot, first-run pipe; that on June 25, 1920, this casing was loaded on an L & N. car, No. 79428, at Ranger, Tex., P. Weiner, consignor, and shipped to P. Glassner, Tulsa, Okla., consignee; that said car, containing said pipe, was delivered to the defendant on July 7, 1920, the defendant having purchased same from P. Glassner.

At the conclusion of plaintiff's evidence the defendant filed demurrer to the evidence, which was overruled.

Defendant then offered to prove by sundry witnesses that the particular pipe levied on by the sheriff under the writ of replevin, for which a redelivery bond had been given, was not the particular pipe belonging to the Sinclair Oil & Gas Company, alleged to have been taken from the "Barnes lease," which had been testified to by plaintiff's witnesses as being 32 pound, 8¼ inch casing, first-run pipe, Youngstown long collar pipe, with the letters MC stamped in the pipe, while the pipe, which was, in fact, replevied by the sheriff, was 28 pounds, 8¼ inch casing, eight-thread pipe, and was not the identical pipe testified to as belonging to the plaintiff, which testimony was objected to by the plaintiff, and the court refused to admit it.

The record upon this proposition is as follows:

"Mr. Boorstin: Let's get the record straight so that your honor understand correctly,—get the record right. The Court: All right. Mr. Boorstin: Does your honor intend to rule that the defendant by having given a redelivery bond cannot at this time, and will not be permitted to prove,

even though we offer evidence to do so, that the particular pipe which we had or which we admitted under the redelivery bond that we had at the time of the service of the writ upon the defendant was not pipe belonging to the Sinclair Oil & Gas Company, the plaintiff, and had never been their pipe and had never been obtained from them or through them but that we are now at this time estopped from offering or introducing any evidence of that kind by reason of having given the redelivery bond? The Court: Yes, that is the effect of it. Mr. Boorstin: And that we are also estopped from proving that this particular pipe that we had was not on the Barnes lease or had never been on the Barnes lease? The Court: Yes, that is the effect of the court's ruling."

The defendant offered to prove by Sam Miller, president of the defendant company, who was placed as a witness on the stand, what pipe was in the possession of defendant at the time the writ of replevin was levied and he testified that they had about 10,000 feet of 8¼ inch casing, but no 32 pound pipe, and the court excluded this testimony and the following occurred, as shown by the record:

"Q. Mr Miller, will you describe to the court the particular pipe that was attempted to be taken by the sheriff under this writ of replevin. Mr. Hardy: We object to the question as incompetent, irrelevant, and immaterial, tending to contradict the recitals of the bond, and the admissions of the bond admitted that they had the pipe described in the plaintiff's petition and in the writ.

"The Court: The objection is—Mr. Boorstin: We do not desire to deny that we did not have pipe described in the writ, or described in the bond, but are asking the witness to explain, or to describe the particular pipe, and not—but not to vary or contradict a single thing that was mentioned in the writ of replevin or in the bond. Mr. Hardy: I might let him go a little farther until I see what he is driving at. I can move to exclude it. The Court: All right, go ahead Mr. Boorstin. Q. I will ask you, Mr. Miller, was the pipe attempted to be taken by the sheriff, and marked by him as he testified, eight and a quarter casing—A. Eight and a quarter. Q. It was first-run casing? A. Yes, some, I think was, first, some I think was not. Q. Yes, what was the value of the casing? A. Twenty-four and twenty-eight. Mr. Hardy: We object to that and move it be excluded as incompetent, irrelevant and immaterial. The Court: Well, I will let him go ahead and then exclude it. Mr. Boorstin: Your honor, that does not yet, that I see, contradict anything either in the bond, in the petition or in the writ of replevin, and therefore, the objection as I see it, is not well taken. Mr. Hardy: My point is, the only issue here is the title to the pipe that was stolen, and whether that

pipe reached the possession of these people. The Court: Under the former ruling of the Court, the objection will be sustained, the evidence will be excluded. Mr. Boorstin: Exception. Well, we then offer to prove, by this witness, that the particular pipe was not pipe that came from the Barnes' lease, was not pipe that belonged to the Sinclair Oil & Gas Company, was not—was, in fact, not thirty-two pound pipe, but twenty-eight pound, eight-thread pipe, and was not pipe of the particular collars as described in the depositions, and had never been on the Barnes lease. Mr. Hardy: We renew our objection. The Court: Objection will be sustained. Mr. Boorstin: And further, that at the time the suit was commenced, that none of these conditions were existing at that time, nor was the particular pipe which we are offering to prove that we had, and which complied with the description mentioned in the replevin bond, pipe that belonged to the Sinclair Oil & Gas Company. Mr. Hardy: Same objection. The Court: Same will be sustained. Mr. Yeager: Note an exception. Mr. Bauer: Our exception to that. Mr. Boorstin: We would like to let the record show, judge, that Mr. Ford Carman is offered, and he likewise was asked the same questions and the same objection were sustained. Mr. Hardy: Yes, sir. The Court: That will be satisfactory. Mr. Hardy: Yes, sir. Mr. Boorstin: Let the record further show that we wish to prove the same facts—Mr. Bauer: As we wished to prove by Mr. Miller, by Mr. M. Gibbons, who was an employe of the Producers Supply Company at the time of the controversy. Mr. Hardy: Same objection. The Court: Same ruling. Mr. Bauer: Note our exception. The defendant rests, your honor."

The court then, at the request of counsel for plaintiff, instructed the jury to return a verdict for the plaintiff and the jury returned its verdict in favor of the plaintiff and against the defendant for the possession of the 54 joints of 8¼ inch casing, in controversy, of the value of $2,012.04, and damages in the sum of $338.64.

Motion for new trial was filed and overruled and judgment pronounced by the court upon the verdict for the return of said pipe, or the value thereof in the sum of $2,012.04, and for damages in the sum of $338.64, and the costs of the action, from which judgment of the court the defendant appeals to this court for review.

The attorneys for defendant assign nine grounds of error, but content themselves in arguing the same under the two heads as follows:

"I. When defendant in an action in replevin gives a bond in order to retain possession of the property seized by the sheriff pending the determination of the prop-

erty rights or possessory rights, he does not waive his right to possession or title to said seized property.

"2. When defendant in an action in replevin gives a bond to retain possession of property seized or about to be seized by the officer executing the writ, such defendant is estopped, only, from denying that at the time of service of the writ and the giving of such bond by such defendant that such defendant did not have such seized or about to be seized property in his possession; but the question of title, ownership or right to possession is not admitted thereby."

Attorneys for plaintiff contend that:

"By giving a redelivery bond defendant admitted that it had possession of the property described in the petition and order of delivery at the time the suit was commenced," and

"At the trial of this case defendant was not prevented from proving title to the property involved to be in it or in a third party. By giving redelivery bond defendant was estopped only from questioning the identity and possession of the property described in plaintiff's petition and writ of replevin."

The only question to be determined here is whether the defendant was deprived of its rights by the action of the trial court in rejecting the testimony offered in its behalf. It will be seen that the petition, affidavit, and writ of replevin only described the property, sought to be replevied, as being "54 joints of 8¼ inch casing, being what is commonly known as first-run pipe," but, in the evidence, the witnesses for plaintiff testified that the pipe, to which plaintiff claimed ownership and right to possession, was pipe that had been stolen from the "Barnes lease." in Eastland county, Tex.; that it had certain distinguishing marks and that it was 32 pound casing, and, in our view of the case, the giving of the redelivery bond only admitted that defendant was in possession of 54 joints of 8¼ inch casing, commonly known as first-run pipe, but that it did not admit that this pipe was stolen from the "Barnes lease," in Eastland county, Tex., and that it did not admit that it was 32 pound casing; that it did not admit it was casing, having the distinguishing marks upon it, as testified to by witnesses for plaintiff, in their description and identification of the property, that was sought to be recovered by the plaintiff in this replevin action, and under the decision, quoted by attorneys for plaintiff in their brief, of Boyce v. Augusta Camp No. 7429, etc., 14 Okla. 642, 78 Pac. 322, it is only estopped from denying that it was in possession of the property at the time of the commencement of the action; but, it is not estopped from proving that title to the property is in a

third party and that it held it as agent for said third party at the commencement of the suit, and we might add that it is not estopped from proving title in it.

Counsel for plaintiff, under their second contention, admit that:

"At the trial of this case defendant was not prevented from proving title to the property involved to be in it or in a third party. By giving redelivery bond defendant was estopped only from questioning the identity and possession of the property described in plaintiff's petition and writ of replevin."

The defendant, by giving redelivery bond, does not admit the title to be in plaintiff nor does it admit that the plaintiff is entitled to possession of the identical property described in the petition, affidavit, and order of replevin, and its answer, by way of general denial, puts the plaintiff upon its proof to show title and right of possession in itself as against the world.

The evidence, offered by defendant in this case and rejected by the court, was to the effect that the pipe levied upon and for which the redelivery bond was given was not pipe belonging to the Sinclair Oil & Gas Company, and had never been its pipe, and had never been obtained from it or through it, and the ruling of the court was to the effect that defendant was estopped from offering or introducing any evidence of that kind by reason of having given the redelivery bond, and the evidence offered by defendant was to show that this particular pipe, that was levied upon in this case, was not on the "Barnes lease" and had never been on the "Barnes lease," and the court ruled that defendant was estopped from proving these facts on account of having given the redelivery bond, and by the witnesses, Miller, Carman, and Gibbons, the defendant offered to prove the pipe levied upon and taken from its possession by the sheriff, under the writ of replevin, was not pipe that came from the "Barnes lease," was not pipe that belonged to the Sinclair Oil & Gas Company, was not, in fact, 32 pound pipe, but was 28 pound, eight-thread pipe, and was not pipe of the particular collars as described in the testimony of the witnesses, on part of the plaintiff, and that this pipe had never been on the "Barnes lease," which the court excluded on the ground that the defendant was estopped from proving these facts by virtue of having given a redelivery bond in this case. In our view of the case, the defendant is estopped from denying its possession of the chattels seized upon, but is not estopped from asserting the property right therein to said chattels to be in itself. We are of the opin-

ion that the court went too far in excluding the testimony sought to be introduced by the defendant and that the defendant was deprived of a substantial right to show that the property sought to be subjected to the possession of the plaintiff in this action was not the property taken from the "Barnes lease," was not the property described by the plaintiff's witnesses, and was not the property of the Sinclair Oil & Gas Company. To hold otherwise, in our opinion, would deprive the defendant of any and every right that it would have, under the law, to show title and right of possession to the identical property to be in itself and not in its adversary.

If the facts, sought to be proven in this case by the defendant, that the pipe, recovered in this action, was not the property claimed by the plaintiff, either in weight or other description, was never on the "Barnes lease," in Eastland county, Tex., and was not the property of the Sinclair Oil & Gas Company, are true, it manifestly follows as a natural sequence that the Sinclair Oil & Gas Company had no right to recover said property and, as heretofore stated in this opinion, the giving of the redelivery bond only admitted that it had in its possession "54 joints of 8¼ inch casing, commonly known as first run pipe," levied upon by the sheriff.

It is, therefore, our opinion that the court committed reversible error in excluding the testimony offered by the defendant upon these matters in this case, and for this reason the judgment of the lower court should be and is hereby reversed and cause remanded for a new trial.

By the Court: It is so ordered.