## ANGLO-AMERICAN MILL CO., Inc., v. MILAM et al.

No. 18814.   Opinion Filed Sept. 25, 1928.
Rehearing Denied Dec. 4, 1928.

McLaury & Hopps, Roger L. Stephens, and Fred L. Hoyt, for plaintiff in error.

Rainey, Flynn, Green & Anderson and Holtzendorff & Holtzendorff, for defendants in error.

RILEY, J. This is an appeal from a judgment rendered in a replevin action in favor of defendants below, J. B. Milam and the Bank of Chelsea.

The Anglo-American Mill Company, Inc., instituted the action on February 24, 1926, in replevin to recover possession of certain flour mill machinery, which it, in the year 1920, had delivered to U. S. Jeffries & Sons, of Chelsea, Okla., under a conditional sales contract, wherein it was provided that plaintiff retained title until the purchase price was paid. The total sale price was $8,465-08; Jeffries & Sons made payments in the total sum of $5,173.12, leaving the approximate balance of $3,300 due plaintiff. In 1923, the county assessor of Rogers county assessed the property involved in the name of plaintiff for the year 1923. Such assessment was extended upon the tax rolls and became delinquent January 1, 1924.

On April 25, 1925, the county treasurer of Rogers county issued an alias tax warrant and delivered the same to the sheriff of the county. The warrant on its face was made returnable within 60 days from date of issuance, which return date was June 24, 1925. However, within the 60 days, and on June 21, 1925, the sheriff levied on the machinery in controversy, and after the expiration of the 60 days. and on the 25th day of June, 1925, began publication of notice of sheriff's

272

sale, and on July 6, 1925, sold said property to the defendant Milam for the sum of $397.54, placed Milam in possession, and issued to him a bill of sale.

On February 4, 1926, and prior to suit, plaintiff below tendered to defendants the amount paid by them at sheriff's sale, with penalties and interest, which was. rejected. Plaintiff gave replevin bond and by its petition secured a writ of replevin and by virtue thereof secured possession of the property in controversy.

Jeffries & Sons made default. Defendant Milam and the Bank of Chelsea answered and set out that they were owners of the property by virtue of the tax sale heretofore mentioned, and held under an alias tax warrant for personal taxes assessed against plaintiff for the year 1923, and that they were in possession at the time of the commencement of the action. They set out their bill of sale. The plaintiff replied denying the validity of the bill of sale, and upon the ground that the sheriff had not executed and returned the alias tax warrant within 60 days after its issuance. An assessment of the property for taxes for the year 1923 was admitted.

The trial court found that the alias tax warrant, under which this property was sold, was in the nature of a special execution; that, while the property was not sold during the 60 days after date of the issuance of the alias tax warrant, proceedings were taken prior to the expiration of the 60 days, and, therefore, by reason of such acts leading up to the sale, the subsequent sale was valid, and so rendered judgment in favor of defendants for possession and damages for retention of the property.

The appellant contends that it was the duty of defendants to plead and prove the regularity of every step taken in the assessment and collection of the personal taxes levied against this property, and that failure to do so would render the title of defendants void. We decline to so hold in a replevin action, for it is well settled that, replevin being a possessory action, the gist of which is the right of possession in plaintiff and the wrongful seizure and detention by defendants, the plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's. Robb v. Dobrinski, 14 Okla. 563, 78 Pac. 101. 1 Ann. Cas. 981; Producers Supply Co. v. Sinclair Oil & Gas Co., 105 Okla. 47, 231 Pac. 279.

Moreover, by section 327, C. O. S. 1921, subdivision 4, it is provided that in order to obtain a writ of replevin the plaintiff must show "that it (the property) was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine or amercement assessed against him, or by virtue of an order of delivery issued under this article, or any other mesne or final process issued against said plaintiff." This section of the statute was adopted from Kansas, and prior to adoption it was construed by the Supreme Court of that state in Blair v. Shew, 24 Kan. 280, wherein it was held that it was immaterial whether the process was valid or void. The Kansas court also construed the statute in Westenberger v. Wheaton, 8 Kan. 169, and pointed out that one of the objects of the statute was to prohibit the trial of tax matters in replevin actions. The rule was thus stated:

"The object of the statute (4th clause, sec. 177, Code) is not solely to protect process in the hands of the officer to whom it is directed and who in virtue of such process detains the property it is sought to be replevied. One object is, by prohibiting all such inquiry in the action of replevin, to compel the party who desires to contest the validity of any judgment or order of court or of any tax, fine, or amercement to do so in some proper and direct proceedings for such purpose. The law affords a proper remedy in each case, one well adapted to try the question, but the action of replevin is not such remedy."

Ruling Case Law, in treating with statutes such as section 327, governing replevin actions, says:

"These statutes must, therefore, be construed as applying only to cases in which a valid tax might, by legal possibility, have been imposed and collected by regular and proper proceedings under some statute authority. In this latter class of cases, this provision would prohibit the action of replevin though the statute authority might not have been fully complied with, and the proceedings might have been so far irregular as to defeat a sale of real estate sold for such taxes." (23 R. C. L. p. 878, sec. 29.)

Herein it was admitted by the reply that the property was assessed for the year 1923, and no denial is made of the regularity of the assessment, so that it will be assumed that a valid tax was by law imposed and could have been collected by proper proceedings. There was no claim of exemption under subdivision 5, section 327, C. O. S. 1921, by reason of which the replevin action might have prevailed, consequently the action of replevin is prohibited by statute in such cases.

Appellant asserts that the reason for the rule fails in that, the property being in the hands of the purchaser at sheriff's sale, the same was not in custodia legis, and therefore the prohibition is not applicable; but we hold, as the Kansas court held, that one object of the statute is to compel a party desiring to contest the validity of a tax to do so in a proper and direct proceeding afforded.

Appellant contends that there must be interpolated in the statute the words "by the defendants," so that the inhibition is extended only to the one taking custody, who in this case would be the sheriff; but we find the wording of the statute to the effect "that it was not taken * * * for the payment of any tax * * * assessed against him," which means that when the property was taken from the plaintiff for the payment of a tax assessed against the plaintiff, then the remedy of replevin is not available, which interpretation is within the one object of the section as hereinbefore stated. Herein the tax was assessed against this plaintiff. He was no stranger to tax proceedings. The evidence shows plaintiff's knowledge of the assessment. Since plaintiff retained title and contracted with Jeffries & Sons that they were to pay taxes assessed, which they failed to do, it is but reasonable to conclude that default in tax payment was a default of plaintiff, in whose name the property was assessed, and plaintiff's laches in failure to avail himself of any remedy he might have had against a part of the whole of the tax assessed in trespass or trover against the officer or in payment of his tax under protest and institution of a suit for recovery, will not make available a prohibited remedy merely because of the extremity of his situation.

The case of Vocht v. Reed, 70 Ill. 491, applies the rule strictly, holding that even a person not assessed could not maintain replevin to recover property seized for the tax of another. Our statute prevents any such harsh rule, for here, to prohibit the action, the seizure must be for a tax **"assessed against him."** Mann v. Ridenhour, 46 Okla. 565, 149 Pac. 124.

It is well settled that this state, in adopting a statute from a sister state, will be presumed to have adopted such statute with the existing construction placed upon it by the state from whence it came. Thus, the question is determined. We find no useful purpose to be served in considering incidental questions presented. The judgment is affirmed.

BRANSON, C. J., and MASON, LESTER, and HEFNER, JJ., concur.