## MUSGRAVES v. FIRST NAT. BANK OF ADDINGTON.

No. 18745.    Opinion Filed Nov. 12, 1929.

J. H. Harper, Hays Dillard, and E. L. Dillard, for plaintiff in error.

J. L. Vertrees and Anderson & Anderson, for defendant in error.

HUNT, J. This action was begun in the district court of Jefferson county by the plaintiff, First National Bank of Addington, Okla., defendant in error here, against the defendant, W. A. Musgraves, plaintiff in error here, to recover judgment on a promissory note and for possession of certain personal property covered by chattel mortgage given to secure said note. For convenience the parties will be referred to here as they appeared in the court below.

Upon the filing of proper affidavit and bond by plaintiff, a writ of replevin was issued covering the property described in the mortgage, and within 24 hours after service of same on defendant he executed a redelivery bond and retained possession of the property. Defendant answered by general denial. Upon trial of the case, after both sides had rested, plaintiff moved the court to withdraw the case from the jury and render judgment for the amount sued for and to fix the value of the cattle and live stock covered by the mortgage. The court sustained plaintiff's motion for judgment and rendered judgment for the amount of the note, leaving the only issue to be submitted to the jury the question as to the value of the property, and then recessed until the following day. When court reconvened, defendant was recalled as a witness and permitted, over the objection of plaintiff, to testify as to certain circumstances surrounding the execution of the note and mortgage and as to whether or not he had on hand at the time of the execution of the mortgage all the property covered thereby. At the conclusion of this testimony, defendant asked leave to amend his answer to show that the note and mortgage were obtained through fraud and misrepresentation; that defendant could neither read nor write and did not know what property was described in the mortgage and same was not read over to him, and that the property described in the mortgage had already been sold and the proceeds therefrom paid to the bank, all of which was well known to the plaintiff bank and was not known to defendant until after the evidence had been introduced in this case. Plaintiff objected to this amendment for the reason that the allegation that said alleged facts were not known to defendant until the evidence was introduced in this case was untrue because

defendant had theretofore testified to substantially the same facts upon a hearing had in this case upon a motion filed by the surety on the redelivery bond, and for the further reason that both plaintiff and defendant had rested and the case had been closed on the day before and witnesses of plaintiff had been relieved from further attendance on the court, some of whom lived outside of the county and had left for their homes. The objection of plaintiff was sustained, and the motion of defendant to amend his answer was denied. Whereupon the court submitted to the jury the question as to the value of the cattle, horses, and other property enumerated in the writ of replevin, with directions to fix the value and to enumerate each article.

The jury returned its verdict fixing the total value of the property at $5,707. Judgment was entered for the plaintiff for the amount due on the note in the sum of $3,098.04, with interest thereon at the rate of 10 per cent. and for attorney fees in the sum of $279.83 and for the return of the property as described in the writ of replevin.

The journal entry of judgment further provided:

"and in the event a return of said property cannot be had that the value thereof be and the same is hereby, upon the answer of the jury, fixed at the sum of $5,707. It is further ordered by the court that if all or any part of the said property is delivered to the plaintiff, that it proceed to advertise and sell the same according to the terms of its mortgage, and apply the proceeds arising from such sale toward the satisfaction of this judgment, and that if the proceeds from such sale are not sufficient to satisfy the judgment rendered herein in favor of plaintiff, then the plaintiff shall have judgment against the defendant for the portion thereof remaining unpaid."

Motion for new trial was filed in due time and overruled, and from the order and judgment of the court, the defendant prosecutes this appeal.

Some 14 assignments of error are included in the petition filed herein, only nine of which, being 11, 12, 13, 14, 6, 4, 5, 10, and 1, are argued in the brief of plaintiff in error, in the order named, and while in presenting them in this manner plaintiff has hardly complied with the rules of the court as to submitting same in an orderly manner, we will consider each assignment presented and treat Nos. 2, 3, 7, 8, and 9 as waived.

Summarized, defendant's contention seems

to be that the court committed reversible error in the admission of certain evidence offered on the part of the plaintiff as to the value of the property described in the mortgage and in excluding certain testimony offered by defendant on this point and as to circumstances under which the note and mortgage were executed, which defendant claims amounted to fraud and misrepresentation, and that the court erred in refusing to permit the defendant to amend his answer, and that the value of the property as fixed by the jury is excessive in that same exceeds the value as alleged in the petition and affidavit for replevin.

In presenting these questions defendant seems to proceed on the assumption that the court rendered judgment against him for the return of the property or its value as fixed by the jury, but in this the record does not bear him out. The only judgment rendered against the defendant, as disclosed by the record, was for the amount due on the note, to wit, $3,089.04, together with interest and attorney fees, which was the only personal judgment that could have been rendered against the defendant, and is of course the maximum amount the plaintiff could collect from defendant irrespective of the value of the property. Since defendant's liability was thus fixed by the judgment on the note, plaintiff could proceed to collect same from defendant out of the property covered by the mortgage in the event of its return, and in the event same could not be returned or did not sell for enough to pay the debt, out of any other property owned by defendant not exempt from levy and sale, and since possession of the property herein was retained by defendant by the giving of the redelivery bond, the only purpose of determining the value of the property was to fix the liability of the surety on the bond in the event a return of all or any part of the property could not be had and it should therefore become necessary for plaintiff to proceed under the bond.

Plaintiff contends that the rights of the defendant were not in any wise affected by the value placed on the property, and with this contention we must agree. If all the property should be returned and sold under the judgment of foreclosure, the redelivery bond would be discharged, and if the property should sell for an amount in excess of the judgment, interest, and costs, said excess would belong to the defendant. On the other hand, if a part of the property was not returned, plaintiff could proceed under the bond for the value of same as fixed, but

in no event could plaintiff recover any amount in excess of the judgment as rendered on the note, either from defendant or on the bond.

Defendant cites and relies on Gross v. Lincoln, 81 Okla. 87, 196 Pac. 960; Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Midland Valley R. R. Co. v. Ezell, 36 Okla. 517, 129 Pac. 734. We have examined each of these cases, but, under our view of the case at bar, same are not in point and do not in any wise sustain defendant's contention here.

It is next contended that the court erred in refusing to permit defendant to amend his answer. No authorities are submitted in support of this contention. The offer to amend was addressed to the sound discretion of the court, and an examination of the record discloses that same was made after the defendant had rested and judgment had been rendered on the note and the court recessed until the following day. The record further discloses that plaintiff objected to the amendment for the reason that the case had been closed and plaintiff's witnesses had been excused from further attendance upon the court and some of whom had left the county, and for the further reason that the matters and things set up in the amended answer had long been known to defendant, and for these reasons the court denied the request of defendant.

In St. Louis & San Francisco Ry. Co. v. Clark, 104 Okla. 24, 229 Pac. 779, this court held:

"After the parties have rested the case, it is within the sound and reasonable discretion of the court to allow the cause opened for further proof, and such discretion will be approved on appeal without it is made to appear the same was abused."

It does not appear from the record herein that the court abused its discretion in refusing to permit defendant to amend his answer, and his refusal so to do does not constitute reversible error.

Other questions are presented by defendant relative to the defense offered in the amended answer and as to the competency of certain evidence in support of same. However, since we are of the opinion that the trial court did not abuse its discretion in refusing to permit same to be filed, it becomes unnecessary to consider these questions.

Defendant further contends that the court erred in overruling motion for new trial, and

contends that under a general denial he was entitled to have submitted as an issue certain equitable defenses to the mortgage, and that by reason of the illiteracy of the defendant and the fact that he could neither read nor write and because of his long dealings with the bank, a fiduciary relation was created, and cites in support thereof Daniels v. Tolon, 53 Okla. 666, 157 Pac. 756; Watts v. Jackson, 75 Okla. 123, 182 Pac. 508. These cases involved transactions between guardian and ward, and between attorney and client, and are applicable only where the confidential relation is shown to exist. The mere fact that defendant had long been a customer of the bank and had borrowed considerable money from it is insufficient to establish the confidential relation where none existed as a matter of law. Under the rule announced in First State Bank of Blanchard v. Armstrong, 119 Okla. 98, 248 Pac. 1107, by the giving of the redelivery bond for the purpose of retaining possession of the property and thus preventing plaintiff from taking possession of same as he was entitled to do under the replevin bond, defendant was clearly estopped from showing he did not have the property in question at the time of the service of the writ of replevin, and the trial court was right in so holding. In the case of Producers Supply Co. v. Sinclair Oil & Gas Co., 105 Okla. 47, 231 Pac. 279, cited by defendant, the defendant, after giving redelivery bond and thus retaining possession of the property sought to be taken under the writ of replevin, pleaded and undertook to prove that the property in its possession was not the identical property covered by the writ of replevin, and this court held, under the pleadings in that case, it was entitled to make such proof. An entirely different situation is presented here, and this case is neither controlling nor persuasive herein.

From our examination of the entire record, we are clearly of the opinion that this case was fairly tried, and the judgment on the note was proper, and that the finding of the jury as to the value of the property is amply supported by competent evidence.

The judgment of the district court of Jefferson county is therefore in all things affirmed.

All the Justices concur, except HEFNER, J., absent.

Note.—See under (1) 23 R. C. L. p. 899; 4 R. C. L. Supp. p. 1510.