## Anglo-American Mill Company v. Phillips et al.

(Decided November 28, 1930.)

SANDIDGE & SANDIDGE for appellant.

C. W. WELLS, HOLTZENDORFF & HOLTZENDORFF and W. FOSTER HAYS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellees, W. G. Phillips and J. B. Milam, who were the plaintiffs below, brought this action in the Daviess circuit court against the appellant, Anglo-American Mill Company, to recover for the use and occupancy of a building in Chelsea, Okla., from February 26, 1926, to December 25, 1928. They alleged in their petition, as amended, that during the month of February, 1926, the Anglo-American Mill Company instituted an action in the district court of Rogers county, Okla., against U. S. Jeffries, and others to recover possession of certain personal property consisting of mill machinery and equipment then located in the building owned by Phillips and Milam; that it sued out a writ of replevin in that action which was delivered to the sheriff of Rogers county, who took possession of the property mentioned in the writ and delivered it to the Anglo-American Mill Company; that in March, 1926, they notified it to remove the mill machinery and equipment from their building, and thereupon the Anglo-American Mill Company, acting by and through its attorney, agreed with the plaintiffs to pay them a rental of $40 a month for the use and occupancy of the building in which the machinery and equipment were then stored; that on July 11, 1926, the defendant, by its attorney, paid to the plaintiffs one month's rent amounting to $40, but no other payments were made, leaving due $1,320.

The answer was a traverse. By agreement the case was tried by the court without the intervention of a jury. The circuit court rendered judgment against the defendant for $1,320, and it has appealed.

The trial judge found the facts to be substantially as alleged in the petition, and unless his finding of fact is palpably against the weight of the evidence, it will not be disturbed, since it must be treated as the verdict of a properly instructed jury. Hurt v. Bank of Commerce, 235 Ky. 795, 32 S. W. (2d) 346; Southern Railway Co. in Kentucky v. Frankfort Distillery Co., 233 Ky. 771, 26 S. W. (2d) 1025. The evidence amply supports the judgment, but appellant insists that certain exhibits, including a copy of the writ of replevin and of a deed from the Bank of Chelsea to appellees, filed as a part of the depositions taken by appellees in Oklahoma, were incompetent as evidence, and that without these exhibits the evidence is not sufficient to show that the sheriff took possession of the machinery and equipment, or delivered it to appellant, or to show that appellees were the owners of the building in which the machinery and equipment were stored. We think the evidence was sufficient to establish these facts without the exhibits, but the exhibits were properly considered by the trial court, since no exceptions were filed to the depositions in the manner required by sections 586 and 587 of the Civil Code of Practice.

When the depositions were being read at the trial, the appellant orally objected to the reading of the exhibits and without specifying the grounds of objection. Sections 586 and 587 of the Civil Code of Practice must be read together. These sections provide that exceptions to depositions shall be in writing, specifying the grounds of objection, filed with the papers of the case and noted on the record; and they must be filed and noted on the record before the commencement of the trial and before or during the first term of the court after the filing of the depositions, except where they are to the competency of the witness or to the competency or relevancy of the testimony, in which cases they may be made before or during the trial. Prewitt v. Bull, 234 Ky. 18, 27 S. W. (2d) 399; Ford v. Ford's Executor, 233 Ky. 673, 26 S. W. (2d) 551; Harrel's Adm'r v. Harrell, 232 Ky. 469, 23 S. W. (2d) 922; Levy v. Doerhoefer's Executor, 188 Ky.

413, 222 S. W. 515, 11 A. L. R. 207; Roberson v. Roberson, 183 Ky. 45, 208 S. W. 19; Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Harrison v. Ford, 158 Ky. 467, 165 S. W. 663.

It is argued that an attorney employed to bring a replevin suit has no implied authority, after suing out a writ of replevin, to enter into an agreement on behalf of his client with one of the defendants in the replevin suit whereby the property is to remain in the building owned by the latter for which the client is to pay rent. It appears that the mill machinery and equipment had been sold to U. S. Jeffries under a conditional sales contract and Jeffries had installed it in a building owned by appellees, but the title to which was then in the Bank of Chelsea. The machinery and equipment had been listed for taxes in the name of appellant. It had been sold for taxes, and Milam and others had become the purchasers. Upon learning of this sale appellant instituted a suit for the recovery of the machinery and equipment, and a writ of replevin was sued out. Appellant was represented by W. H. Bassman, an Oklahoma attorney. Pending the outcome of the suit, which eventually found its way to the Supreme Court of Oklahoma, Anglo-American Mill Co. v. Milam, 133 Okl. 271, 272 P. 430, it was necessary to make some disposition of the machinery of which the sheriff had taken possession under the writ of replevin. It necessarily would be expensive to move the machinery and equipment from the building where it was located, and, as the rental which Mr. Bassman, on behalf of appellant, agreed to pay appellees was reasonable, the arrangement made by him for the disposition of the machinery pending the litigation was proper under the circumstances. It is suggested that an attorney by reason of his retainer is not authorized to make such a contract on behalf of his client, but an attorney employed to secure a particular end has an implied authority to take such steps as are necessary to its proper accomplishment, and he may incur such expenses are are necessary and proper to carry out the object of his employment. An attorney employed to prosecute an action is authorized to do the things that are necessary or incidental to the prosecution and management of the case. Kammerer v. Brown, 234 Ky. 199, 27 S. W. (2d) 959.

In Fox v. William Deering & Co., 7 S. D. 443, 64 N. W. 520, it was held that an attorney employed to bring

replevin may bind his client to pay the expenses of removing the property taken from the defendant to a place of safety; and in Kimball Co. v. Payne, 9 Wyo. 441, 64 P. 673, it was held that, where an attorney is retained by a nonresident to recover personalty, he has authority to receive it for his client and incur the expense necessary for its care and custody thereafter. Jenney v. Delesdernier, 20 Me. 183, ruled that the attorney for the plaintiff, without any special authority, could approve of the receipt taken by the sheriff for personal property attached by him, and thereby relieve the officer of his obligation to retain and produce the property. To the same effect is Clark v. Randall, 9 Wis. 135, 76 Am. Dec. 252.

The attorney who represented appellant in the replevin suit was acting within the scope of his employment when he entered into the agreement with appellees for his client to pay a rental of $40 a month for the use of the building. It is not contended the $40 a month is an unreasonable rental for the building, and it is not shown that the property could have been moved to another building and stored at less expense. Some disposition of the property had to be made pending the determination of the title in the litigation that had just started, and the attorney under his general retainer, had the implied authority, at least in the absence from the state of his client, to take such steps as were reasonably necessary under the circumstances to store and preserve the property during the pendency of the suit.

The only witness introduced by appellant was its president and general manager, L. Freeman Little. The substance of his testimony is that appellant did not authorize the attorney who filed the replevin suit to rent appellees' building for the purpose of storing therein the machinery, the possession of which appellant was seeking under the writ of replevin. As heretofore stated, the attorney had implied authority under the circumstances to make the contract in question on behalf of his client, and the trial court properly so found.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.