**ROSS v. McLAIN.**

Court of Appeals of Kentucky.

Feb. 29, 1952.

Howard McCartney, Flemingsburg, for appellant.

Lloyd A. MacDonald, Flemingsburg, W. G. Kenton, Maysville, for appellee.

LATIMER, Justice.

This appeal is prosecuted from a judgment in favor of defendant. For reversal appellant insists there was error in allowing to be introduced, as evidence, a rough sketch or diagram of the roadway and surroundings where the accident occurred, out of which this action arose, and further because of leading questions propounded relative to the exhibit.

Appellant Bess Ross, as administratrix of T. K. Ross, brought this action against appellee, Edgar McLain, alleging negligence in the operation of his car which struck T. K. Ross, causing his death. On August 20, 1949, T. K. Ross, aged about 80 years, after talking with some people at a filling station situated about one mile north of Flemingsburg, started to cross the road toward the east side thereof. Appellee, traveling north on the highway, struck Ross when about two or three feet from the edge of the east side of the highway.

Since the only grounds relied upon are those mentioned above, we shall not concern ourselves with the circumstances of the accident. It is contended that the sketch or diagram in order to be competent must (a) be accurate and properly identified by the maker or other competent witness, (b) that

it should not give supposed positions and directions of travel, and (c) that since the sketch or diagram was prepared by the attorney he should not be allowed to ask leading questions relative to same.

The record discloses that Joseph J. Robinove and Charles J. Robinove, residents of Detroit, had stopped at this filling station and had some conversation with the decedent Ross. They apparently were eyewitnesses to what happened just before the accident. The depositions of these two witnesses were taken in Detroit at which time attorney for appellant was present. It appears that prior to the taking of their depositions, Joseph J. Robinove and Charles J. Robinove talked with Mr. Vandeveer, an attorney of Detroit, who was to examine them, at which time pursuant to their explanation of the circumstances of the accident, Mr. Vandeveer drew a rough sketch or diagram of the general locality where the accident occurred. Mr. Vandeveer asked this question of Joseph J. Robinove: "Before formally starting to take your deposition this morning, did I, in your presence and that of your son Charles, make a diagram of the general locality of where the accident that is involved here took place? A. You did."

Mr. Vandeveer then offered this exhibit in evidence solely for the purpose "as being a rough representation of the locality where this accident took place and pertaining to certain matters subsequently to be identified by this witness and the witness Charles Robinove." Addressing Mr. McCartney, attorney of appellant, he then said: "Have you any objection to that? I am going to offer it and I am going to have him attach it to the original deposition." Mr. McCartney replied: "All right." Mr. Vandeveer then said: "Do you have any objection to that?" Mr. McCartney replied: "No."

■ However, it will be noted that this consent to the use of the rough sketch or diagram took place after stipulations providing that objections to the testimony of witnesses were reserved by counsel for respective parties. At the trial objections were made to the introduction of this evidence. Considering solely the merits of the objection and the character of the testimony objected to, we might point out that maps and diagrams used merely to illustrate the testimony of the witness are not subject to the strict proof of accuracy as those offered as independent evidence. See Bowling Green Gaslight Co. v. Dean's Ex'x, 142 Ky. 678, 134 S.W. 1115; King v. Ohio Valley Fire & Marine Ins. Co., 212 Ky. 770, 280 S.W. 127. See also the foreign cases of Young Mines Co. v. Blackburn, 22 Ariz. 199, 196 P. 167; Deitchler v. Ball, 99 Wash. 483, 170 P. 123; Collins v. Leahy, Mo.App., 102 S.W.2d 801; Prarie Oil & Gas Co. v. Laskey, 173 Okl. 48, 46 P.2d 484.

■ Consequently, it will be seen that the character of the sketch and the manner of its preparation place it under the above rule. It is unnecessary for us to say here, although it might be persuasive in the absence of competency, that one party, after having consented to the introduction of the sketch and exhibit at a time when the other party could have corrected his procedure in keeping with a registered objection, and further after having failed to file written objections to the depositions, Anglo-American Mill Co. v. Phillips et al., 236 Ky. 245, 32 S.W.2d 994, will not be heard to object thereafter.

■ Some of the questions relative to certain portions of the sketches were obviously leading questions. However, it will be noted that in each instance they were addressed, not to independent matters, but only in explanation of the witnesses' testimony. Considered in connection with the testimony of other witnesses, both for appellant and appellee, we can see nothing prejudicial to the substantial rights of the appellant. Section 756, Civil Code of Practice provides: "Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof; * * *".

We have in numerous cases condemned the practice of leading questions, but at the same time held that such practice will not be regarded as reversible error if the answers of the witness bear the impress of truth. Blankenship v. Commonwealth, 234

1014

Ky. 531, 28 S.W.2d 774; Meredith v. Commonwealth, 265 Ky. 380, 96 S.W.2d 1049. In fact, the so-called leading questions were explanatory of indicated points on the sketch, placed there at the direction of the witness. We conclude that the court properly allowed the sketch or diagram to be introduced and overruled objections to the leading questions.

The judgment is affirmed.