Opinion of the Court.
TPIÍS was an action of ejectment. The declaration contains but one count, and that alleges that William Shropshire, William B. Scott and Polly his wile, jointly and' severally demised to the plaintiff the premises in question. The tenants in possession were admitted defendants, upon the usual terms of confessing the lease, entry and ouster alleged in the declaration, and pleaded not guilty, upon which issue was joined.
*266 On the trial, the title papers produced by the lessor* of the plaintiff, showed that they were tenants in common, and not joint tenants; and the counsel for the defendants thereupon moved the court to instruct the jury as in casé of a nonsuit, insisting that the demise laid in the declaration was joint, and not several; but the court overruled the motion, upon the ground, that the. demise was joint and several. In the further progress of the cause, Shropshire, one of the lessors of the plaintiff, produced regular conveyances to himself from the heirs of James Adams, deceased, and a patent to Adams. He also produced regular conveyances to himself from all the heirs of James Trabue, deceased, except Scott and wife, the other lessors of the plaintiff, and a patent, to Trabue, of elder date than that of Adams. The defendants then produced a patent in the name of John Hinckson, deceased, covering the greater paft of the land in dispute, and of the same date of that of Trabue, and deeds of conveyance to them, bearing date long before the commencement of this suit, from two out of eight of the heirs of Hinckson. 'It was also proved, that Adams, in his lifetime, had sold, by bond, 200 acres of the land included in his patent, to one John Conner, who settled upon a part thereof, and some tune thereafter, sold the residue of the 200 acres to Reuben Lancaster, by bond, and put Lancaster in possession thereof, being the land in controversy; that some time before the defendants obtained deeds from the heirs of Hinckson, the defendant, Smith,' claiming the land on which Lancaster resided, under a patent in the names of Walker and Barbour, Lancaster agreed to sell, and did sell to him the improvements made under his purchase from Conner, and put Smith into possession, who has, by himself and tenants, continued to occupy the said land ever since.
Tne defendant’s counsel, upon this evidence, moved the court to instruct the jury, that, if they should find that the patent ofHiuckson, under which they claimed, bore the same date of the patent of Trabue, the land in controversy was included in both patents, and that the defendants held t title derived from the heirs of Hinckson, or any of them, they must find, to the extent of the interference, for the defendants; but the court overruled the motion, upon the ground, that the land in controversy was settled under the claim of-Adams, by *267 Conner, and Lancaster under him, and that the defen-danf, Smith, having acquired the possession of the land from Lancaster, could not avail himself of the title derived from Hinckson’s heirs, after his purchase from' Lancaster. To the refusal of the court to give the several instructions asked by the defendants, they excepted ; and a verdict and-judgment having been rendered against them, they have brought the case to this court by writ of error.
Whore the ^ejectment states that the 5essol's mised, it is supported by proving ato» mo¿
There is no-¿cc'¡ surd in law, in joint and míseVof the same land-
Whore the have title un-dor a patent equal dato the plaintiff ,n ejectment, the plaintiff must
The refusal of the circuit court to instruct the jury to find as in case ofa nonsuit, we think, was correct. The title of the lessors of the plaintiff, as they were shown to be tenanisin common, would not, indeed, support a joint demise, according to the decisions of-this court; but we must, we apprehend, understand th'e land to have been severally, as well as jointly demised by the lessors of the plaintiff. The defendants having confessed the lease, it was, of course, unnecessary to prove it; but it must be presumed to be as laid in thé declaration, unless it were impossible to be so. But surely there is nothing which renders it impracticable in fact, or absurd in law, that k plurality Of persons should demise the same land, for the same term, seVeral-Jy and jointly. We are not prepared to say that they could not do so by the same deed; but, be this as it may, they certainly might do so by several deeds; for each might, by his several deed, have demised his undivided moiety, and.by uniting in another deed, have jointly demised the whole; and thus literally they would have jointly and severally demised the premises, as alleged in the declaration.
But we are clearly of opinion that the circuit court erred in refusing to give the last instruction asked by ..the defendant. Had the lessors of the plaintiff produced no evidence of any other title in themselves, than that which they derived' under Adams, the case would have presented some difficulty; but by the production of the patent of Trabue, and' deriving title to themselves under it, they thereby demonstrated that they had no right of entry, derived under the patent to Adams; and could only, therefore, by their own evidence, maintain their action in virtue of the title derived from the patent to Trabue. With that, there is no pretence tbat the defendants had any privity or relation whatever; and, of course, they could, upon »» *268 principle, be precluded from controverting the right derived from Trabue’s patent. The production oí’ Hinckson’s patent of the same date, and deriving title to themselves under it, was sufficient, according to the repeated decisions of this court, to defeat the recovery under T rabue’s patent, to the extent of the interference 5 and as that was the import of the defendant’s motion to Instruct the jury, the court, we think, erred in not sustaining it.
The judgment must be reversed with costs, and the cause remanded, for new proceedings to be had, not inconsistent with this opinion.