Mr. Justice Clayton
delivered the opinion of the court.
- Upon the trial of this cause the court, at the instance of the defendants, gave twenty-four separate charges to the jury, all of which were excepted to by the plaintiffs. It will not be necessary for us to examine many of them.
The lot in dispute had been sold under execution, as the property of Rice, and purchased by Barlow and Taylor, who held the sheriff’s deed for it. Rice, before the rendition of the judgment, had conveyed the land to Dignowitty, who was in possession at the time of the sheriff’s sale. The declaration contains but a single count, and states a joint and several demise from Rice, and Barlow and* Taylor.
Upon this point the court charged the jury, “that they cannot find that either one of the plaintiff’s titles is good; they must both be good, or the verdict must be for the defendants.” If the declaration had contained several counts, and had set forth several as well as joint demises, it would have been more formal and regular, and would have avoided all difficulty on this head. The effect of a joint and several demise must be the same. It is the joint demise of all the parties, and the several demise of^ each. If a lessor, in fact, have different leases from different persons, he may give in evidence all his title papers, and recover upon such as vest an interest in the disputed land. 8 Yerger, 451. Bevans v. Taylor, et al., 7 Harr. & Johns. 1. Courtney v. Shropshire, 3 Littell, 265.
It is said that this course ought to be encouraged, because it prevents a multiplicity of suits, saves costs, and puts the defendant to no inconvenience. Jackson, ex dem. Roman, v. Sidney, 12 Johns. 185.
The fourth instruction is, “that one cannot deny his own deed.” Taken in connexion with the evidence, this was intended to propound the old common law rule, that a man cannot stultify himself, and allege his own incapacity to make a deed. “ This rule has been very properly exploded,” says Chancellor Kent, “ as being manifestly absurd, and contrary to justice.” 2 Kent, 451. 5 Pick. 431. Rice v. Peet, 15 Johns. 503.
*74 The only other charge we shall notice is in these words — “ If the plaintiffs rely on fraud to destroy the deed to Dignowitty, the fraud must be clearly proved.” It is not easy to say precisely what is meant by the words clearly proved. If anything more, is intended than that the jury must be satisfied, by the proof of the existence of the fraud, then the instruction is too broad. The plaintiff’s testimony must be sufficient to produce belief in the jury that there was fraud in the transaction ; this may be done by circumstantial, as well as by positive proof. The la.w- only requires such proof as will convince the jury of the truth of the allegation.
"We think these several charges go too far. That upon a joint and several demise, if either be sustained by the proof, a recovery may be had according to the fact. That a man may show his own incapacity to vacate his deed, and that testimony to satisfy the minds of the jurors is all that is requisite to establish fraud.
The other instructions are little more than variations of these, and call for no special observation.
The judgment will be reversed, and a new trial awarded-