JUDGE DUVALL
delivered the opinion of the court:
The appellants, being the half brothers of Sidney H. Monroe the elder, are clearly entitled, as the only heirs at law of Sidney H. Monroe the younger, to the lots in controversy, under the 5th section of the act of 1796 directing the course of descents.
*595 This position is not seriously questioned by the counsel for the appellees, but they insist that the adverse possession of the lots by Mrs. Naylor, and those claiming under her, for more than twenty years prior to the institution of this suit, has operated to bar and defeat the legal claim of the appellants.
There is, in our judgment, a total absence of any proof which authorizes the conclusion, or even inference, that Mrs. Naylor or her husband ever set up an adverse claim'to, or held adverse possession of, the lots in contest, prior to their conveyance to Bradford in 1838. On the contrary, the terms and stipulations of that conveyance, taken in connection with the testimony of Naylor, of Bradford, of Mrs. Garrard, and, indeed, of all the witnesses relied upon by the appellees, authorize the presumption that she had held, up to that time at least, under her right as the widow of Sidney H. Monroe, and that her possession was consistent with, and friendly to, the right of the legal owners. Such is always presumed to be the character of the possession of the widow, unless an open and notorious adverse holding be established by proof, and, as already stated, no such proof is found in this record. It results that the legal title of the appellants was not barred or defeated by the defense founded on the lapse of time and the statute of limitations.
But it is insisted that the lots in contest had been held for a number of years at least, under claim of title adverse to that of the appellants, and that such adverse possession and claim are sufficient to repel the right to a partition by the chancellor until the title of the appellants should be established by appropriate action, and that there was, therefore-, no alternative but to dismiss the petition, which asked no other relief than a partition.
The facts here assumed may be admitted, and yet the consequences contended for would by no means follow.
Although this was a petition in equity, it set forth, clearly and distinctly, the title and claim of the appellants to the lots in contest. The defense set up in the answer put in issue directly the claim asserted in the petition. This was strictly a legal issue, and one on which the defendants were entitled to a trial by jury, according to section 9 of the Civil Code, which *596 provides that where the action has been commenced by equitable proceedings, the defendant, by motion made at the time of filing his answer, may have them changed into ordinaiy proceedings when it appears that the plaintiff should have adopted ordinary proceedings, and in addition, that his answer presents a defense on which he is entitled to a trial by jury.
It is clear, therefore, that upon the pleadings in this case, as they stood at the time it was submitted for trial, the defendants had a light, by motion made at the time and in the mode prescribed by law, to have the legal issue which involved the title to the lots tried by a jury. But no such motion was made, and the question arises, what was the duty of the court in the state of case presented? Should the court have dismissed the petition, as was done, without prejudice, merely for the purpose of compelling the plaintiffs to institute a new action founded upon the same elaim, and to be resisted by the same defense, and in which precisely the same issue, already formed by the pleadings of the parties, would be again presented? Is it not seen at once that this was one of the evils of the former practice, which was intended to be, and was effectually remedied by the fourteen sections composing title 1 of the Code ? The intention and policy of the rules of practice prescribed by those provisions was to prevent a party who presented a sufficient cause of action from being turned out of court upon the mere ground of error as to the kind of proceedings he had adopted; and furthermore, to enable the court, in all cases where a substantial issue was presented, to dispose of such issue upon the merits, by a change of the proceedings or a transfer of the issue to the proper docket, when demanded or when necessary.
The issues in this case appear to have been submitted for trial without objection from either side, neither party moving for any transfer of the issue, or for any correction of the error as to the form of the proceedings. The effect of such failure, was (by section 12) to waive the error, and the court should therefore have proceeded to try the case and to dispose of all the issues presented, or should have submitted the issue involving the question of title to the decision of a jury.
*597 The right of Mrs. Naylor to dower in the four lots passed by her conveyance to her alienees, and dower should have been assigned to the present occupant.
The judgment is reversed, and the cause remanded for further proceedings in conformity with! this opinion.