## Stephens, et al. v. Stephens, et al.

(Decided June 10, 1915.)

### Appeal from Whitley Circuit Court.

1. Ejectment—Trespass—Burden of Proof.—Where appellant brought an action in ejectment to oust appellee from a certain tract of land, and in a few days appellee brought an action for trespass against appellant, and the two actions were consolidated, and the petitions, by agreement, controverted of record, the burden of proof was upon the appellant to show title, appellee being in the actual possession of the land.

2. Ejectment—Title—Possession.—To oust one by ejectment, the party bringing the action must show a superior title to the land, and where he fails to do this, it will be presumed that the one in possession is rightfully there.

3. Trespass.—One in the actual possession of the land, need not show legal title in order to sustain an action for trespass.

HENRY C. GILLIS for appellants.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant brought this action in ordinary to eject Joshua Stephens, the appellee, from a 13-acre

tract of land. The petition alleged that appellant was the owner, but that appellee was wrongfully in the possession of it. This petition was filed February 23d, 1911. The appellee, on February 27th, 1911, filed an action in equity for trespass, seeking to enjoin the appellant from cutting down, destroying, and removing timber from the 13-acre tract of land. He alleged that he was the owner and in possession.

At the first term of court an agreed order was entered transferring appellant's ordinary action to the equity docket, and consolidating it with appellee's injunction proceeding. No further written pleadings were filed, but, after the proof was all taken, an agreed order was entered controverting of record each petition, and the consolidated action was thereupon submitted for judgment. The court adjudged that Joshua Stephens, the plaintiff, in the equity action, and the appellee here "has manifested his rights to the relief sought," and that the appellant "has failed to show title to any part of the land described," and the temporary injunction was perpetuated.

There is not a shred of paper title in the record. Each party, in his testimony, while claiming the 13 acres, concedes that the other owns and holds title to a larger tract under certain valid surveys and grants. Appellee admits that his ownership extends only to appellant's line. The first question, therefore, is the location of appellant's line, which, the parties agree, must be ascertained by locating a line in a Calvin Stephens' patent. Appellant contends that its course is: "North 59 E. 78 6/100 poles" from a certain white oak. If that be true, then he is the owner of the 13 acres in dispute. Appellee contends that the course from the white oak is: "North 82 E. 20 poles to a pine; thence N. 85 E. 126 poles to a black gum." If these are the correct patent calls, then appellee is the owner of the 13 acres. As already stated, none of the patents or deeds are in the record. These papers were in the hands of witnesses at the time their testimony was given, and the witnesses said that they then filed them, and made them parts of their depositions. If they were filed, they are not copied in the record. The testimony of the witnesses as to the courses, distances, marked lines, and corners, bearing particularly upon this disputed line, is not clear in the absence of the patents. The best evidence is that of W. J. Moore, who surveyed the line under order of

court in this case. His report, filed in the case, indicates that he had the patent with him at the time he made the survey, and from him we get the following evidence of the patent calls. We quote from his report:

"From the white oak stump, the patent calls N. 82 E. 20 poles to a pine. I ran this call upon the proper bearing, allowing the usual variation, but did not find any corner tree or marked timber. The next line the patent calls N. 85 E. 126 poles to a black gum."

This gum is marked, and identified as a corner by Moore and several other witnesses. If Moore means to say that these calls are taken from the patent, then they are the same as contended for by appellee. In this same report he says that he ran a line North 59 E. 78 6/10 poles "to a point at right-angles from the maple called for in the deed." The deed referred to seems to be the one under which appellant claims title, and was made to him in 1904. There is nothing in the record to indicate that the deed followed the patent calls or that the patent makes any mention of a maple corner. Giving to the judgment of the chancellor its proper weight, we must accept his finding of the facts.

But the appellant argues that the burden of proof was upon Joshua Stephens, the appellee. In appellant's action for ejectment, where his title is denied, he must show title in himself in order to recover, that is, he cannot recover the property merely because the one in possession has no title or has failed to show any. For appellee to recover in his action for trespass, he need not be the owner of the legal title; if he be in the actual possession of the land he may recover against one entering forcibly upon his possession, even against a landlord. Newman on Pleading and Practice, Section 234.

As already noticed, the parties do not rely upon affirmative pleas in defense. Each controverted of record the petition of the other, so that ownership is denied in each case, but it stands admitted that the appellee is in the actual possession. To oust him, appellant would have to show a superior title. This burden is upon appellant, but he failed to show any title to the land. In this state of case, it will be presumed that the one in possession is rightfully there.

For the reasons indicated, the judgment of the lower court is affirmed.