## McDowell, et al. v. Hollowell, et al.

(Decided January 30, 1917.)

### Appeal from Caldwell Circuit Court.

1. Taxation—Sale of Land For Taxes—Title Purchased.—Where land was assessed for taxation in the name of a widow who was in possession as doweress of her deceased husband, the purchaser at a sherif's sale for taxes took only the interest of the widow.

2. Ejectment—Title to Support Action.—Although a mere equitable title is usually not sufficient to support ejectment, where the equitable title is accompanied by more than fifteen years' adverse possession by the owner of the equitable title ejectment will lie.

3. Limitation of Actions—Adverse Possession.—One who purchases the interest of a widow, who is holding as doweress of her deceased husband, and enters upon the land, does not hold adversely to the deceased husband's heirs, during the life of the widow, so as to start the running of the statutes of limitation, until he does some act which amounts to notice that he is claiming adversely to their interests.

4. Appeal and Error—Waiver of Error as to Form of Action.—Under section 15 of the Civil Code of Practice, one who fails to object by proper motion, as therein required, in the trial court, will be held, upon appeal, to have waived the right to object to the bringing of an action at law in equity.

5. Adverse Possession—Sheriff's Tax Deed—Kentucky Statutes.—Where the plaintiff and defendant both derive their title from a common source, the defendant claiming under a sheriff's tax deed, the seven year statute, section 2513, Kentucky Statutes, does not apply and fifteen years' adverse possession is necessary to create title by adverse possession.

S. D. HODGE for appellants.

R. W. LISANBY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing. on the original and affirming on the cross appeal.

In the latter part of 1884, Harve McDowell purchased, from Roland Flowers, the tract of land in controversy here, and took possession of and moved upon same prior to January, 1885. McDowell lived upon the land until 1891, when he died, leaving a widow, Mrs. Frances McDowell, and five small children. The widow and children continued to live upon the land until June 11th, 1900, when the widow, all the children being infants, in consideration of two mules, a wagon and some farming implements, the total value of which

probably did not exceed one hundred dollars, surrendered her possession to appellee, O. L. Hollowell, and sold to him her interest in the land, but made no written conveyance thereof.

The land, consisting of fifty-six acres, worth from three to five hundred dollars, had been assessed for taxes for the years 1896 and 1897, in the name of Mrs. Frances McDowell, and, the taxes not having been paid, was sold by the sheriff, on April 18th, 1896, to J. T. Coleman. Not long thereafter, J. Y. Morse, son-in-law of Mrs. Frances McDowell, paid Coleman the amount he had paid for the land, and took from him either a transfer of his purchase, or a receipt for the amount paid by him, which was ten dollars. Morse transferred this paper he had received from Coleman, to O. L. Hollowell, who reimbursed him, at the time Mrs. Frances McDowell sold her interest in the land, and Hollowell, upon this paper, had John H. Stevens, sheriff of Caldwell county, to make him a tax deed to the land, which conveyed to him only the interest of Mrs. Frances McDowell therein. Husbands v. Polwick, 128 Ky. 652. This land was also assessed in the name of Mrs. Frances McDowell, for the years 1901 and 1902, and, the taxes not having been paid thereon, was again sold, March 2nd, 1903, by M. U. Lamb, sheriff of Caldwell county, to J. D. Wallace, who transferred his bid to O. L. Hollowell, to whom the sheriff, on August 12th, 1907, made to a tax deed conveying again, as in the other tax deed, the interest of Mrs. Frances McDowell in the land. On this same day, O. L. Hollowell and wife conveyed to appellee, J. W. Hollowell, by deed of general warranty, this same tract of land.

Mrs. Frances McDowell died March 21st, 1911. On October 10th, 1912, appellants, who are the children and heirs of Harve S. McDowell, through their attorney, demanded of J. W. Hollowell possession of the land, which was refused, and upon February 17th, 1915, instituted this action against O. L. Hollowell and J. W. Hollowell, averring that they were the owners of the land, and seeking to recover possession thereof, and a cancellation of the two tax deeds, above described, to O. L. Hollowell. Appellees denied the ownership of appellants, and asserted title in themselves, under the two tax deeds, and by adverse possession, and pleaded estoppel. The issues having been completed, and proof

taken, upon submission the court rendered the following judgment:

"This day this cause came on for hearing, upon the pleadings, proof, exhibits, etc., and the argument of the counsel, and the cause having been submitted, and the court having rendered its written opinion herein, which is filed herewith as a part of the record, and the court being sufficiently advised, and it appearing to the court that Harve McDowell, deceased, did occupy the land, mentioned and described in the plaintiff's petition, and that he did in fact, buy it from one R. S. Flowers, and that the said R. S. Flowers did execute and deliver to the said Harve McDowell, a title bond therefor; and that the plaintiffs have only an equitable title to the land in controversy; and it further appearing to the court that the two tax deeds set out in the petition and the amended petition are a cloud upon the title of the land to which plaintiffs have an equitable title, and that the two tax deeds should be cancelled; that said first tax deed was from John H. Stevens, sheriff of Caldwell county, to O. L. Hollowell, dated the 11th day of June, 1900, and recorded in the county clerk's office of Caldwell county, in D. B. No. 18, page 334; and the second tax deed was from M. U. Lamb, sheriff of Caldwell county, to O. L. Hollowell, dated the 12th day of August, 1907, and of record in the county clerk's office of Caldwell county, in D. B. No. 26, page 507.

"It is, therefore, adjudged by the court that the said two tax deeds constitute a cloud upon the plaintiff's equitable title, and that each of the aforesaid tax deeds be and they are hereby cancelled and held for naught; it is further adjudged by the court that so much of the plaintiff's petition as seeks to recover the possession of the land mentioned and described in the petition, be and the same is hereby dismissed, without prejudice to the rights of the plaintiff, and the plaintiffs shall recover of the defendants, O. L. Hollowell and J. W. Hollowell, their costs herein expended, for which execution may issue.

"The defendants, by attorney, object and except to the whole of the foregoing judgment, and pray an appeal to the Court of Appeals, which is granted, and the plaintiffs object and except to so much of the foregoing judgment as dismissed their claim for the possession of

said land, and holds that the plaintiffs have only an equitable title to the land.''

To reverse so much of this judgment as adjudged to them an equitable title, only, to the land, and refused to award them possession, appellants have appealed; and to reverse so much of the judgment as cancelled the tax deeds and adjudged an equitable title to the appellants, appellees have prosecuted a cross-appeal.

The evidence fully sustains the finding of the chancellor, that Harve S. McDowell did purchase the land in controversy, from R. S. Flowers, and did have a title bond, at least, for same; in fact, the evidence is such that if the chancellor had adjudged that the writing delivered to McDowell, when he purchased the land, was a deed, we would not be disposed to disturb his finding; but, assuming that it was a title bond, rather than a deed, it follows, as found by the court, that McDowell had only an equitable title to the land; but it does not follow, that appellants did not have such a title as would support ejectment and entitle them to recover possession of the land, for the equitable title of Harve S. McDowell and appellants is accompanied with an adverse possession for more than fifteen years, which entitled them, not only to a judgment cancelling the tax deeds to O. L. Hollowell, but which entitled them, also, to recover possession of the land.  Harve S. McDowell had continuous adverse possession from January 1st, 1885, until his death, in June, 1891, and his widow and infant children continued this possession until June 11th, 1900, when appellee, O. L. Hollowell, under an agreement with the widow, and the tax deed —assuming that the deed was regularly executed— acquired no interest in the land, except that of Mrs. Frances McDowell, a co-tenant with appellants; so that O. L. Hollowell's possession was not hostile, but was amicable to the possession of appellants and to the title of Harve S. McDowell, the common source of title of both appellants and appellees.  Frazer v. Naylor, 1 Met. 593; Gregory v. Ford, 5 B. Mon. 471; Driskell v. Hanks, 18 B. Mon. 855.  It is, therefore, apparent that appellants' equitable title was accompanied by an adverse possession of more than fifteen years, which, under the decisions of this and other courts, is sufficient to support ejectment, Logan v. Williams, 159 Ky. 412; White v. McNabb, 140 Ky. 828; Hellard, et al. v. Nance,

et al., 114 S. W. 277, and appellants were entitled to recover possession from J. W. Hollowell, an adverse claimant, at least, since the death of Mrs. Frances McDowell, in 1911, unless he has sustained his plea of estoppel, or established a superior title by adverse possession, neither of which has he done. There is, so far as we can discover, no evidence whatever of estoppel; and even if all of appellants had been of age, which they were not, when O. L. Hollowell made the general warranty deed to J. W. Hollowell, in 1907, and were thereby notified of his adverse holding, his possession had continued but eight years, when this action was instituted, whereas, fifteen years of such possession was necessary to give him a title superior to appellants', the seven-year statute—section 2513, Kentucky Statutes—having no application here.

This action was brought in equity, and, whether properly or not, no objection was made in the trial court, and none can be made here, since the error, if error, under section 15 of the Civil Code of Practice has been waived.

Wherefore, the judgment is reversed on the original appeal, and affirmed on the cross-appeal, with directions to enter a judgment awarding appellants possession of the land, and for proceedings consistent herewith.