## · Adams v. Adams.

(Decided March 14, 1922.)

## Appeal from Powell Circuit Court.

1. Ejectment—Possessory Title.—In an action of ejectment a plaintiff may rely upon a possessory title alone where he shows by satisfactory evidence that he and those under whom he claims have been in the actual, notorious, continuous, exclusive and hostile possession of the tract to a well defined boundary for as much as fifteen years next before his claim is assailed in a court of competent jurisdiction.

2. Ejectment—Title.—In every ejectment suit the plaintiff must rely and prove his title to the land in controversy. If he claims under a paper title he must trace it back to the Commonwealth, but if his claim is based on a possessory title he must show adverse possesion for as much as fifteen years.

JOHN D. ATTKINSON, HOBSON & HOBSON and A. FLOYD BYRD for appellant.

C. F. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, William Adams, and appellee, Green Adams, are brothers, and at one time owned adjoining tracts of land in Powell county. Green Adams acquired his tract in November, 1891, from Rev. G. W. Miller. This land was known as the Hackworth farm and was supposed to contain one hundred and twenty acres. Appellant, William Adams, acquired his farm some seven or eight years before Miller gave a title bond to appellee, Green Adams. These two tracts adjoined at one end and according to appellant, William Adams, a division line fence had been erected by agreement of Miller, who owned the Green Adams tract, and William Adams several years before Green Adams purchased the Miller land, and this fence was standing there in good condition at the time Green Adams purchased the farm from Miller and took possession of it. The original title bond which Miller gave appellee, Green Adams, and under which he claims, is in the record, but there is no other deed or title paper of either party in the record. Both appellant and appellee claim by adverse possession. The strip of land in controversy contains about ten or twelve acres and is a triangle. It has on it at present several valuable oil wells .

and is chiefly valuable for its mineral. To sustain his claim of title by adverse possession appellee, Green Adams, testified that he had known the land for about forty years or more, and that in his early recollection a man by the name of Abner claimed and lived upon the place for about four years, and that Abner sold and transferred his possession to one Hatton, who held and claimed it for about two years, and that Hatton sold the land to his brother, Ben Hatton, but the latter never took possession of the land nor lived on it, but after holding it for a short time sold and conveyed it to Miller, who is the grantor of appellee, Green Adams. As Ben Hatton did not take possession of the tract of land appellee, Green Adams, cannot claim by adverse possession back of Ben Hatton, who is one of the persons under whom he claims; in fact the possession must be reckoned to begin with the possession of Rev. G. W. Miller, which was in November, 1891. Miller lived upon and occupied the land, according to the testimony of appellee, Green Adams, for about six years, he then sold it to Green Adams, who lived upon it for six years and sold all or a part of the tract and moved away, and has not lived upon or been in possession of any part of the tract in controversy since that time. If he bought it in 1891 and sold it six years later, he left the land in 1897. This action was commenced by Green Adams on the 7th day of April, 1919. It, therefore, appears that Green Adams had been away from and out of possession of the land in controversy for about twenty-two years before this action was commenced. He cannot rely upon his title bond which he obtained from the Rev. G. W. Miller, except to show the nature and extent of his possession. There is no paper title introduced back of the Miller title bond, and if Miller had any title whatever to the land it is not shown. We have, however, held in several cases that a plaintiff in an ejectment suit like this may rely upon a possessory title alone if he can and does prove by satisfactory evidence that he and those under whom he claims title have been in actual, open, visible, notorious, continuous, exclusive and hostile possession of the tract to a well defined boundary for as much as fifteen years next before his claim is assailed by an action in a court of competent jurisdiction. McDowell v. Holloway, 173 Ky. 543; Russell v. McIntosh, 179 Ky. 677.

In every ejectment suit the plaintiff must rely upon and prove his title to the land in controversy. If he

claims under a paper title he must trace it back through *mesne* conveyances to the Commonwealth. If his claim be based upon a possessory title, then he must show by clear and convincing evidence that he and those under whom he claims had the actual, adverse possession of the land for as much as fifteen years next before the commencement of the action. If he cannot do this, he must fail in his suit in ejection. In either event he must win, if he wins at all, on the strength of his own title. Courtner v. Shropshire, 3rd Littell, 265; Toll v. Kinman, 140 Ky. 208; Stephens v. Stephens, 165 Ky. 353.

Although the defendant in an ejectment suit have no title whatever except bare possession of the land in controversy, he is in position to and will defeat a plaintiff who cannot prove title or right in himself.

While it is very doubtful from the evidence whether appellee, Green Adams, ever purchased the tract of land in controversy, that is, whether the boundary which he purchased included the small tract now in contest, we are clearly of opinion that he must fail in this proceeding because he has failed to show that he and those under whom he claims held the land for fifteen years or more and had thus acquired title in himself to the land in dispute. Having no paper title he undertook to prove title by adverse possession, and in doing so he shows that his immediate predecessor in title, Rev. G. W. Miller, held and claimed the land for six years only, and that appellee purchased from Miller and took possession in 1891 and held the land for six years. That makes twelve years only. Title by adverse possession cannot be acquired except by a continuous, open, exclusive and hostile holding against all the world of the entire boundary to well marked and defined lines for at least fifteen years. This appellee, Green Adams, did not do, and he, therefore, did not have a perfect title to the Hackworth tract at the time he undertook to sell and convey it in 1897. Of course, his grantees since that time by holding and possessing the land have perfected their title to that part of the tract which they have held and claimed adversely. The ten acres in controversy, if ever in the possesion of appellee, Green Adams, has not been so since he sold out and moved away in 1897. The statute ceased to run in his favor the day he moved away, and he, not having perfected his title by adverse possession before that time, was wholly divested of any right to the ten acre tract after he left it and his continuous possession was broken. Had

he returned the next week and took possession of the ten acre piece, his adverse holding would have dated from the time of his return only, and he could not have tacked it on to the adverse holding of his predecessor, Miller, and the previous six years which he himself had held the land.

These facts considered the trial court should have sustained appellant, William Adams', motion for a directed verdict in his favor at the conclusion of the evidence for the plaintiff, and having failed to do so, error was committed, for which the judgment must be reversed for proceedings consistent with this opinion.

Judgment reversed.