## Prewitt v. Bull.

(Decided April 22, 1930.)

STEPHENS & STEELY for appellant.

T. E. MAHAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee filed his petition against appellant and another, claiming that he was the owner of the Jellico seam of coal and all timber above the Jellico seam of coal on and under a certain tract of land in Whitley county known in this record as the William Davis land. He alleged that appellant had trespassed upon the land and removed coal from the Jellico seam, and that he was

threatening to sell the timber on the land. He sought to recover the value of the coal which had been removed, and to obtain an injunction which would prevent the appellant from further removing coal and from cutting or selling the timber.

Appellant denied that appellee was the owner of the coal or timber which he claimed, and denied that he had trespassed or had removed coal from the land or was threatening to sell or remove the timber. For further defense he alleged that he was the owner of a certain tract of land which was devised to him by his grandfather, and that the removal of the coal had been from that tract of land; that his grandfather and others in 1900 conveyed to the Mt. Morgan Coal Company the Jellico seam of coal in certain lands, and that after such conveyance that company mined certain coal from the lands of his grandfather, and that in settlement of the claim made against the company it agreed to and did give him a certain block of coal, and that immediately after this block of coal was assigned to his grandfather he took possession of it, and that appellant and those under whom he claimed had been in the adverse possession of it, mining coal therefrom continuously for more than fifteen years. For further defense he alleged that the Mt. Morgan Coal Company had completed the mining of coal from the Davis tract of land in 1907, and had robbed the mines and removed all equipment, and that it completely abandoned all claim and operations at that time. Further he alleged that at the time appellee purchased the property of the Mt. Morgan Coal Company, or such rights as it had in the Davis land, he was in the actual adverse possession of the coal mine from which the coal complained about in the petition had been taken. There was a further allegation that the sale of the timber to the coal company was for the purpose of its use in connection with the mining operations, and that all claim for the timber was abandoned when the company ceased its operations in 1907.

The defenses relied on by appellant are: (1) That appellee did not own the coal or the timber; (2) that the coal complained about was taken from a block of coal that was given to his grandfather in settlement of a claim for damages; (3) that all title that the coal company had to the coal and timber had been abandoned; (4) that any right that the coal company had in the land had been lost by the adverse possession of appellant and those

under whom he claimed; and (5) that the conveyance to appellee by the coal company was champertous.

The chancellor found that appellant had trespassed upon the Davis tract of land and had removed coal therefrom belonging to appellee and awarded a judgment in favor of appellee for the sum of $22; he found that appellee was the owner of the Jellico seam of coal, and that he was entitled to the use of the timber if necessary for the operation of mines, or in the mining, shipping, removing, or selling of the coal. He enjoined appellant from removing coal or from the cutting or removing of the timber. The evidence is conflicting as it relates to the question of whether the coal was taken from the Davis tract, or another tract of land belonging to appellant. On the whole the evidence supports the judgment of the chancellor on this point.

The evidence shows that for the past several years appellant had gone upon the Davis land and had mined small quantities of coal which he sold in the neighborhood. These operations were not continuous, but were confined to the winter months. It has often been held that occasional entries on land and occasional cutting of timber are not sufficient to start the Statute of Limitations. Combs v. Combs, 72 S. W. 8, 24 Ky. Law Rep. 1691; Caskey v. Lewis, 15 B. Mon. (54 Ky.) 27; Wickliffe v. Ensor, 9 B. Mon. (48 Ky.) 253. Actual possession to be adverse must be such as to authorize ejectment at all times during the possession. It must be actual, open, notorious, continuous, and peaceable. Le Moyne v. Neel, 158 Ky. 316, 164 S. W. 964; Watts v. Bryant, 144 Ky. 14, 137 S. W. 780, Limitation does not run in favor of one possessing the surface of land as against mining rights previously conveyed away. Farnsworth v. Barret, 146 Ky. 556, 142 S. W. 1049. The most that can be said of appellant's claim that he had become the owner of the coal and timber through adverse possession is that he had from time to time and from year to year entered the mine and removed coal therefrom. He was the owner of the surface, but this did not place him in possession of the coal or timber which had been conveyed away.

His defense of champerty is not available to him because a possession necessary to render a conveyance champertous must be an actual adverse possession and the evidence does not establish that appellant had such possession at the time the property was conveyed to

appellee. The character of possession necessary to render a deed champertous is defined in the case of Lanham v. Huff, 228 Ky. 139, 14 S. W. (2d) 402. It is not established by the evidence that the coal mined by appellant was included in any agreed settlement between the grandfather of appellant and the coal company. It is true that if one enters under a parol purchase and holds by actual, open possession claiming that which he holds as his own, such possession is adverse and limitation runs from the date that the possession commenced. Com. v. Gibson, 85 Ky. 666, 4 S. W. 453, 9 Ky. Law Rep. 205; Thomson v. Thomson, 93 Ky. 435, 20 S. W. 373, 14 Ky. Law Rep. 513; Creech v. Abner, 106 Ky. 239, 50 S. W. 58, 20 Ky. Law Rep. 1812. But the evidence does not establish adverse possession in favor of appellant, and the evidence does not establish that the particular block of coal on which appellant was mining was obtained by the grandfather of appellant either by parol, or otherwise.

One defense is left, and that is the one chiefly relied on by counsel for appellant. It is insisted for appellant that the burden was on appellee to show that he had title to the coal. It has always been so held. Logan v. Williams, 159 Ky. 412, 167 S. W. 124; Stephens v. Stephens, 165 Ky. 353, 176 S. W. 1137. The sole question, therefore, is whether appellee established by his proof that he was the owner of the coal and timber. William Davis obtained a patent for the land in 1847, and in 1859 he conveyed the land to William Prewitt. William Prewitt died intestate while the owner of the land leaving a number of children, one of whom was J. F. Prewitt, the grandfather of appellant. J. F. Prewitt obtained title from his brothers and sisters and became the sole owner of the William Davis tract of land. J. F. Prewitt died testate in 1926. He disposed of the Davis tract and an adjoining fifty-acre tract by dividing the tract which he called his home place between William Prewitt and Hobert Prewitt. He gave to the appellant, Hobert Prewitt, the west half of the Davis tract, and to W. H. Prewitt the east half. Prior to his death, however, he had executed a deed of conveyance to the Mt. Morgan Coal Company conveying all of the coal known as the Jellico seam of coal in the part of the Davis land now owned by appellant as well as in other lands, and the conveyance included all the timber on the north side of the mountain which was above a level with the lowest point in the gap

of the mountain in the Bryant strip of land, and all the timber on the south side of the mountain and above the level of the Jellico seam of coal, and all of the timber on the east side of a strip of land belonging to J. C. Bryant, which timber was above the level of the Jellico coal. The Mt. Morgan Coal Company, presumably a Kentucky corporation, conveyed, or transferred, its property to the Mt. Morgan Coal Company, a Virginia corporation. The latter corporation conveyed the property which it had obtained from the first-mentioned Mt. Morgan Coal Company to appellee, Bull. These things are all established, but it is insisted by appellant that the evidence is not competent. The purported copy of the deed in the record from J. F. Prewitt and others to the Mt. Morgan Coal Company shows no certificate and acknowledgment, and the deed from the Mt. Morgan Coal Company which first operated, to the Mt. Morgan Coal Company of Virginia, is not in the record; but there is a certificate by the clerk showing that there was such a deed on record in his office, and that it conveyed the property described in the deed from Prewitt and others to the Mt. Morgan Coal Company of Kentucky with a reference to that particular deed for a more definite description. There was testimony by witnesses that the rights of the Mt. Morgan Coal Company in the Davis land were embraced in the conveyance to appellee, and that there had been no previous conveyance of the interest in the Davis land by the Mt. Morgan Coal Company. The case appears to have been tried with the impression prevailing that the records disclosed title in appellee and for that reason there was no great particularity about how the evidence was presented. Occasionally there was an objection, but the objections were not so persistent as to show a settled opinion on the part of appellant that the evidence should not be admitted. Much of the evidence of witnesses as to the title to the Davis tract, or whether it was embraced in the deed to appellant, or whether it had been previously conveyed away, was not objected to at all. The county clerk testified almost wholly without any objections as to what was disclosed by his records. The certificate of the clerk showing the conveyance from one Mt. Morgan Coal Company to the other was introduced in the record, as well as the deed from J. F. Prewitt to the Mt. Morgan Coal Company, without exception. Such evidence may be considered unless there are proper objections and exceptions to it. It would be manifestly

unfair to allow such a point to be raised for the first time in this court. Exceptions to depositions must be in writing specifying .the grounds of objection, which writing shall be filed with the papers of the case and noted of record. Section 586, Civil Code of Practice. It has long been the rule that exceptions to depositions are deemed waived if the record does not show they were acted on in the lower court. Patterson v. Hansel, 4 Bush (67 Ky.) 654; Lewis v. Wright, 3 Bush (66 Ky.) 311; Hon v. Harned, 38 S. W. 688, 18 Ky. Law Rep. 864.

Section 587, Civil Code of Practice, provides that no exception other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded unless it be filed and noted on the record before the commencement of the trial, and before or during the first term of the court after the filing of the deposition. Exceptions to the competency of the witness, or to the competency or relevancy of the testimony, may be made before or during the trial. This does not mean, however, that exceptions are not required as provided by section 586, Civil Code of Practice. We have diligently sought for exceptions in this record, but none are to be found. Appellant did not lose anything by a failure to file exceptions, as it appears to the court that there is little doubt that appellee has title to the property which he claims, and while his title was unskillfully proven it was enough, without exceptions to the depositions tending to establish his title.

The plea of abandonment was not considered above, but it was not a lease which was executed by J. F. Prewitt and others to the Mt. Morgan Coal Company. It was an absolute deed, and for that reason the doctrine of abandonment has no application.

Judgment affirmed.