## Wilburn et al. v. North Jellico Coal Co.

(Decided March 22, 1938.)

ZEB A. STEWART for appellants.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

James Wilburn, Forrester Wilburn, and Otis Wilburn appeal from a judgment rendered in favor of the North Jellico Coal Company in the Knox circuit court on the 3d day of April, 1937. They base their right of reversal on the following grounds: (1) That appellee's petition does not state a cause of action; (2) that its pleadings do not state enough to authorize an ejectment; (3) that there is a total failure in the proof to show right of possession or title to the land claimed by appellee; (4) that appellee is estopped from maintaining the action by reason of a former adjudication; (5) and, that the failure of appellee to execute a bond renders the injunction void.

The purpose of the action, in reality, is to obtain a permanent injunction enjoining appellants perpetually from removing or taking coal from its land and from trespassing thereon and enjoining them from using or occupying same for any purpose. The description set out in appellee's original petition is somewhat indefinite, but later, by amendment, the description was definitely set out by metes and bounds.

We think the allegations of the petition are sufficient to base an action for either an ejectment or trespass, and certainly enough to base a judgment for a permanent injunction. An action in ejectment, as well as trespass upon land, are common-law actions, but the parties may, as has been done in this case, in effect waive a jury and submit the facts to the court.

From an examination of the entire record the action is in fact a suit against appellants for the trespass upon its land and for an injunction enjoining them from the trespass. The final judgment of the trial court was that appellee was in the possession of the land described in its petition and that appellants were wrongfully trespassing upon same; and, that they and each of them were perpetually enjoined from taking or removing any coal, timber, or other products therefrom and from entering upon same for any purpose. The judgment also declares that appellee is the owner of the land. That latter part of the judgment may be, under the record, not authorized by the pleadings and proof. It is merely surplusage and does not in any way prejudice any right or claim of appellants. When the object and purpose of an action is to secure a permanent injunction as appears from this record, no bond is required. Lancaster

v. Pope, 156 Ky. 1, 160 S. W. 509, Ann. Cas. 1915C, 752; Cossar v. Klein, 227 Ky. 768, 14 S. W. (2d) 160; Sandy Hook Bank's Trustee v. Bear, 250 Ky. 177, 61 S. W. (2d) 1045. A bond is required only when the injunction is temporary or interlocutory, or, in other words, when the purpose of the injunction is to prevent or restrain a party from exercising certain rights that might be claimed, or are claimed adversely, and to keep the relation of the parties status quo, until the main controversy involved is fully ascertained. Then a bond is required. The process of injunction is a provisional remedy, extraordinary and ancillary to the main issues. Where an injunction is the ground of the action and the final goal sought, then no bond is required, nor is it necessary to make any of the allegations required by section 271 et seq., Civil Code of Practice, when an action seeks a permanent injunction. In the end, if the final judgment be a permanent injunction, or a refusal thereof, either litigant, as in the case of a money judgment, may appeal. That is the case we have here. There is no merit in the contention that a bond for the injunction should have been given.

It is insisted that appellee is not a corporation. Appellants by answer, and by special demurrer raise that question. There is no merit, we think, in that. Our attention is called to chapter 279 of the Acts of the General Assembly of the Commonwealth of Kentucky of Sessions 1887 to 1888, which shows that the North Jellico Coal Company was incorporated and empowered to own property, both real and personal. There is no proof in the record that the corporation was ever dissolved nor has the act been repealed. The burden is upon appellants to show that fact. It is insisted that there is a total failure in the proof of appellee's right as owner to base the action of ejectment to obtain possession of the land on which the coal entries were made and the coal removed by appellants. Should we view the action as one in ejectment, its ownership being denied, as is done by the answer of appellants, that contention is correct. Appellants by an ejectment action, to win, must do so, on the strength of its own title and not upon the weakness or failure of the title of appellants. Courtney v. Shropshire, 3 Litt. 265; Stephens v. Stephens, 165 Ky. 353, 176 S. W. 1137; Adams v. Adams, 194 Ky. 202, 238 S. W. 386. It may be conceded that appellee has no paper title; at least, it does not file

a deed for the land from any source. It is claimed, however, by appellee that under the evidence of J. T. Gray, it is shown and not denied, that in 1917, more than 20 years ago, it leased to Gray the land in controversy; that since that time it has been in the peaceful and adverse possession by itself and through its tenant, Gray, continuously, up to the bringing of this action, and to the present time, claiming it all the while as its own and exercising ownership over it against the world as well as against these appellants. It may be conceded that whatever claim of right to the land and coal therein, that appellants are asserting, that they secured by and through appellee's tenant, Gray; that from the evidence of Gray, which is not disputed, appellee has established its adverse possession to this land continuously for more than 15 years, which is sufficient to authorize the judgment rendered by the court, even if there be no proof of paper title, as required by law in a suit in ejectment. Such an insistence is correct, but a proper solution of this case does not require decision of that question, for the reason we find that the evidence of Gray, being undenied, is surely sufficient to base a judgment for trespass. In a suit of trespass, no paper title or even adversary title is necessary to sustain the right of appellee as under the facts of this case. Stephens v. Stephens, supra. If the coal company was in the possession, that fact being supported by the undenied evidence of Gray, then if appellants entered upon the land without the authority or consent of appellee, or its agents, authorized to give consent, and removed, or attempted to remove, the coal, or to take possession of, or in any way use the land against its consent, they are in all respects trespassers and, therefore, their possession was wrongful and unlawful. The testimony of Gray upon that question is as follows:

"Q. You know the defendants? A. Yes, sir.

"Q. Have they entered upon this boundary of land covered by your lease contract? A. They have.

"Q. Have they taken any coal owned by the North Jellico Coal Company? A. Yes sir.

"Q. How much, about? A. Between 500 and 1,000 tons.

"Q. Did you have this property under·lease before the defendants went on it and took this coal away? Yes, sir.

"Q. For how long have you had it under lease? A. Since 1917.

"Q. When did they go on the land and take the property? A. About two years ago.

"Q. And ending when? A. They have not quit, only just temporarily at times.

"Q. How long since they have removed any coal? A. They are moving some now.

"Q. Is that with or without your consent? A. Without my consent.

"Q. With or without the consent of the North Jellico Company? A. Without the consent of the North Jellico.

"Q. Has any person for the company ever given the defendants permission to go on this land and take this coal or enter on this land? A. No.

"Q. Did you have any right to sub-lease the coal and permission from the North Jellico Coal Company to be taken by the Wilburns? A. I have the right to sub-lease, but I didn't sub-lease to them.

"Q. Is the lease in your name or what name? A. The lease is in my name.

"Q. Then what did you do with the lease? A. I transferred it to Bertha Jellico Coal Company which I organized to operate this property.

"Q. Did it give to the defendants any permission to take this coal? A. It did not."

The evidence of Gray is conclusive. Appellants are trespassers from his proof, which is all the evidence that we find in the record. Finally, it is insisted that appellee is estopped from maintaining the action on account of a former adjudication of the involved question in the Knox quarterly court. It appears that in that court a proceeding was had between J. T. Gray and the Bertha Jellico Coal Company against this appellant. (Appellee was not a party.) The record shows that the Bertha Jellico Coal Company and J. T. Gray are the same. Gray does business under that name. In that proceeding appellants were charged of being guilty of a forcible entry and detainer of the land now in controversy. On a trial, appellants were found not guilty by the verdict of the jury. The following judgment was

entered, based upon the verdict by the judge of the Knox quarterly court:

"It is therefore adjudged by the court that the defendants are not guilty of the forcible entry and detainer complained of by plaintiff and it is ordered that the plaintiffs' complaint be and the same is now hereby dismissed and that the defendants recover of the plaintiffs their cost herein expended."

Appellants rely on that judgment as an estoppel or res judicata as a complete defense to appellee's recovery in this action. There is no merit in that contention. In a proceeding of forcible entry or detainer, the right of ownership or title of the premises is not in controversy nor is it proper to put the title in controversy. The issue involved there is whether or not the party complaining was or was not in the actual possession of the premises entered. No question of title or right of possession can arise, nor does it make any difference whether the defendant had or had not the right to enter when proceeded against by a writ of entry or forcible detainer.

In the action under consideration appellee claims to be the owner of the land; that appellants, without its authority and contrary to its will, are trespassing upon its land, and wrongfully removing its coal and applying the proceeds thereof to their own use. Even if appellee had been a party to the proceeding in the quarterly court and the judgment relied upon finding appellants not guilty of a forcible entry or detainer, it would not have been an estoppel in an action for trespass in the Knox circuit court. Again, the quarterly court had no jurisdiction to try the case of title or trespass to real estate. The judgment to be an estoppel must necessarily be between the same parties or their privies and an adjudication of the same subject matter, by a court that had jurisdiction to render a judgment, adjudicating the question. No such case is presented here by the judgment relied upon.

We find no error prejudicial to the substantial rights of appellants.

Wherefore, the judgment is affirmed.