### Jones v. York.

Jan. 30, 1945.

306

E. Bertram for appellant.

J. G. Smith and J. A. Flowers for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

This action was instituted by appellee to enjoin appellant from cutting timber from an indefinitely described tract of land containing 60 acres more or less, and to recover $25 damages. By an amended petition the damages sought were increased to $60. In his answer appellant denied appellee's ownership of the land described in the petition, asserted appellant's ownership of an indefinitely described tract containing "about" 175 acres, and alleged that "the whole trouble is that plaintiff cannot run his land by his deeds and he wants to swipe a strip off of defendant's land which his deed does not cover, but which is inside of defendant's boundary." The prayer of the answer was merely that the petition be dismissed and that defendant recover his costs. On motion of the appellant the action was transferred to the ordinary docket for the trial of one issue, namely, the true location of the division line between appellee's and appellant's lands; and prior to the trial it was stipulated that each of the parties had a fee simple title to his lands; that the only controversy between the parties was the location of the true line separating their lands; and that appellee's lines "call for" appellant's lines, and that appellant derived his title under two named patents for 50 acres each. The jury awarded appellee $30.00 "for the timber," whereupon the Court

entered a judgment adjudging appellee the amount named, together with the ownership of a tract minutely described by distances and courses. Appellant moved for a new trial on the grounds that the instructions were erroneous, and that the verdict was contrary to the law and the evidence and not supported by the latter. Five months after the entry of the judgment appellant tendered an amended motion for a new trial on the ground that the two surveyors who had testified for appellee at the trial, had perpetrated a fraud in that they had not found any marked corners or lines in making their survey, had improperly curtailed distances called for, and by other improper methods concocted the map which had been introduced by them at the trial. As part of the motion and in support of the ground alleged, appellant tendered a map subsequently made by the county surveyor which showed, contrary to appellee's map, that the strip from which the timber had been cut was within the lines of appellant's boundary. The Court refused to permit the motion and grounds for a new trial, thus tendered, to be filed; no order was entered making them a part of the record for any purpose; and this Court, on motion of appellee, has heretofore stricken them from the record since the Circuit Court was without authority to copy them therein.

On this appeal it is argued on behalf of appellant that the testimony of appellee's surveyors shows on its face that they were without justification in locating the strip from which the timber was cut as within appellee's boundaries; but with this contention we are unable to agree since we are without authority to discard the testimony of appellee's witnesses who identified the natural objects recognized by appellee's surveyors as controlling in preference to the courses and distances called for. Likewise we are unable to say, in the absence of testimony of those skilled in the art, that the magnetic compass variations for which appellee's surveyors made allowances, were improper. Appellant also contends that appellee's surveyors should have surveyed appellee's lands as well as those belonging to appellant; but since the sole question at issue was the true division line between the properties, and it was agreed that "plaintiff's lines call for defendant's lines," we cannot say that the jury should have disregarded the testimony of appellee's surveyors that the methods pursued by them in locating the division line were proper.

Neither the reputation nor ability of appellee's surveyors was impeached, and only lay witnesses were introduced by appellant. It is true that if the map prepared for appellant by the county surveyor is correct, that prepared and introduced in evidence by appellee's surveyors is grossly inaccurate. But the county surveyor's map was not before the jury for its consideration, and for the reasons heretofore given we are precluded from considering it. The testimony is presented to us by a bill of exceptions in narrative form, and nothing which we have been able to gather therefrom would justify us in saying that the jury's verdict was without sufficient evidence to support it.

It is pointed out by appellant that the pleadings do not support that portion of the judgment which awards appellee title to the land therein described. In this statement he is correct, since the prayer of the petition was for an injunction and damages only, and appellant merely prayed that the petition be dismissed. Moreover, there is no pleading describing the land as it is described in the judgment. But the jury's verdict was necessarily a finding that the strip from which the timber was cut was not within appellant's boundary, but adjacent to the division line between appellant's and appellee's properties, and hence within the boundary of the latter. It follows that it is immaterial to appellant whether appellee's lands are correctly described by the judgment, and so much of the judgment as purports to describe them may properly be regarded as surplusage. Wilburn et al. v. North Jellico Coal Co., 272 Ky. 749, 115 S. W. 2d 288.

Appellant also complains of the first instruction given by the Court to the jury, but his criticisms are based largely upon the assumption that the survey made by appellee's surveyors was inaccurate, and that appellee's ownership of the adjoining land on the other side of the dividing line was not established. However, in view of the stipulations in the record to which we have heretofore called attention and the deficiencies heretofore noted in appellant's proof, we think the instruction was substantially correct. True, it authorized a recovery if the jury believed from the evidence that the true dividing line was as found by appellee's surveyors, and to this extent emphasized the importance of that survey. But this was a very simple and direct method of sub-

mitting the issue and could not be said to have prejudiced appellant's substantial rights.

Judgment affirmed.