# Gilbert et al. v. Williams et al.

March 26, 1948.

Rehearing denied June 25, 1948.

J. J. Tye and H. M. Sutton for appellants.

H. H. Owens for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellees are the owners of a two story brick building in Corbin. It had been rented to Messrs. Sample and Stamper under a five year lease commencing January 26, 1946. On August 11, 1947, the lessees sold and

assigned the lease to appellants. Shortly thereafter this suit was filed to cancel the lease and to obtain possession of the property.

The real controversy in the case is whether or not the original lessees had a right to assign the lease to appellants. The Chancellor adjudged that they did not; that the lease had been forfeited and terminated; and that appellees were entitled to possession.

Appellants first contention on this appeal is that the equity court did not have jurisdiction of the action and that the judgment is void. Their theory is that a forcible entry or detainer suit was the proper remedy. While it does appear that appellees had a cause of action at law, which we think properly would have been in ejectment, one of the objectives of the suit was cancellation of the lease. Such is a matter of equity. Conceding, however, that appellees had an adequate remedy at law, no objection by way of demurrer or otherwise was interposed to the petition. By failing to object, appellants consented to a trial of the action without a jury. See Wilburn et al. v. North Jellico Coal Co., 272 Ky. 749, 115 S. W. 2d 288.

Appellants also attack the petition on the ground that it did not state a cause of action, although no demurrer was filed. While the petition may have been in some respects defective, it stated sufficient facts to authorize the relief prayed. In addition, subsequent pleadings clearly defined the issues and appellants cannot, after trial, raise this objection.

Appellants' contention that the former lessees had a right to assign the lease to them is without merit. The lessees specifically covenanted that they would not assign, and provision was made for the forfeiture and termination of the lease in the event of a breach of this covenant. In the latter part of the lease is the provision: "and is hereby granted permission to said second parties to sub-rent or lease all or any portion of the within described premises." Appellants insist that the quoted provision not only authorized the lessees to sublease but also to assign.

The material difference between the two rights is pointed out in Entroth Shoe Co. v. Johnson, 260 Ky.

309, 85 S. W. 2d 686. See also 32 Am. Jur., Landlord and Tenant, Section 314. Since an assignment and a sub-leasing create distinct and different relationships, we cannot construe the latter to include the former. The evidence indicates that the parties had a specific objective in mind when the lessee was given the right to sub-lease. The quoted provision clearly did not modify the earlier provision in the lease with respect to forfeiture in the event of assignment. Appellants, therefore, took no rights under the lease by virtue of its absolute transfer from the original lessees.

Appellants last contention is that appellees are estopped from invoking a forfeiture of the lease because one of appellants had discussed with one of appellees the possibility that the former might become tenants. The evidence is wholly inadequate to create an estoppel.

On the whole case the Chancellor properly adjudicated the rights of the parties, and the judgment is affirmed.