Walker THOMPSON et al., Appellants,

v.

W. L. GONTERMAN et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1955.

**158**

Nicholas & Wilson, Munfordville, Cecil C. Wilson, Glasgow, for appellants.

Stokes A. Baird, Davis Williams, Munfordville, for appellees.

MOREMEN, Judge.

This appeal involves the correct location of a division line between appellants' and appellees' contiguous tracts of land. It will be clearer if we designate the parties on this appeal with nomenclatures of the circuit court because there has been an appeal and a cross-appeal. In the circuit court appellants were defendants and appellees were plaintiffs.

In the year 1950, the mouth of a cave was discovered on defendants' land. In order to exploit the commercial value of the cave, they built on their land a road, a cave house or office, and made other improvements. The office was located near the north line of the property.

The subterranean meanderings of the tunnel of the cave were not definitely confined within the limits of the boundary of defendants' property, so the owners of the adjoining tract of land became interested and this strip of land, whose surface was of small value, gained importance because of the cave which lies beneath it.

In July 1952, plaintiffs filed an action in ejectment, and also embodied in this complaint was a claim of adverse possession. Later, perhaps because the two actions are inconsistent—one denies physical possession of the land, while the other claims it—plaintiffs filed an amended petition by which they sought to quiet title to the entire parcel of ground which they claimed under recorded deeds.

The defendants by answer, which contained a formal traverse, pleaded that they were owners of a particular described boundary of land and were in possession of it and had been in actual adverse possession for many years, and they prayed that they be adjudged owners.

The question, therefore, before the circuit court involved almost entirely the location of the division line between the two pieces of property.

We find it unnecessary in this opinion to trace the paper title to each one of these tracts and, although some of the deeds contained minor errors—evidently typographical in nature—the source deeds to both tracts show plaintiffs' south boundary (insofar as it affects this litigation) as "N 85 E 36" (poles); "thence S 67 E 68"; and appellants' north boundary as "n 85 E 36"; "thence S 67 E 56." There seems to be no controversy about this and later

deeds used essentially the same description in conveying the land. Rather the dispute centers around the starting point for the mutual (joint) call of "N 85."

A vast amount of proof was taken in this case and the circuit judge on occasion visited the premises. The big point in the case, as we have indicated, was the location of the starting point.

The original 1871 land grant of defendants' most remote predecessor in title locates the correct point at two white oak trees although their deed of 1946 from Lou Thompson, from whom they acquired title, calls for a pin oak tree. The pin oak stands a short distance north and west of a single white oak tree which plaintiffs assert is the true beginning point.

The circuit court established the division line beginning at the white oak and found that if the agreed calls are run from that point, the defendants' line separates from the plaintiffs' line the required 12 poles from the southeast corner of plaintiffs' tract. On the other hand, the court found, and the defendants' own exhibit shows, that to adopt the defendants' beginning point, the calls, when run, would fall 19.2 poles short of the plaintiffs' southeast corner, rather than 12 poles as it should rightfully be. The point selected by the trial court as the beginning point allows the plaintiffs' southern boundary line to join with their eastern boundary line and hence closes the plaintiffs' tract.

The circuit court also found from personal inspection of the premises that a call in the land grant of Gonterman, (defendants' predecessor) when extended, should strike the west bank of a small creek called Dog Creek. In defendants' deed, the call is for the north bank (an error) and their surveyor accepted this as an original monument and attempted to prove that a pin oak was the correct beginning point because by then following the calls he reached the north bank of Dog Creek—even though the creek runs generally north-south, at the particular point, and hence has a west bank. It was held,

and we think correctly, that if the defendants would look beyond their own deed to ascertain the correct description of their land, they would find the west bank (as required in the Gonterman grant) of Dog Creek is correct.

On this appeal, defendants argue first that since the plaintiffs did not expressly ask for the establishment of a division line, the court erred in establishing one. We find no merit in this argument because both parties requested that their various tracts be located on the ground and the only way this could be done was by the establishment of a division line between them. Neither do we accept the premise that in an action to quiet title, one does not ask that the boundaries of the tract of land be established.

The defendants next advance the argument that the division line was erroneously established because the improvements made by them under the judgment would lie on land belonging to plaintiffs and, in support of this argument, refer to a plat filed with their brief. While it is true that the draftsman of this plat indicated that the house was partly on plaintiffs' property, we cannot accord to it the significance which we must accord to plaintiffs' Exhibit No. 26 which was used in the trial of the case and which shows, under the line established by the court, that defendants' cave house is on his own land. This map, which was used by the trial court as well as by the parties in the trial of this case, when considered with the court's opinion, shows that it fixed the line at a place different from either of the lines proposed by each party—also shown on the map.

On the cross-appeal, the plaintiffs contend that they own to a particular boundary claimed by them, not only by paper title, but also by adverse possession. The plaintiffs' evidence, which is not too convincing, is to the effect that a predecessor in title, S. L. Gonterman, built, in about the year of 1910, a rail fence between the two tracts and that a part of

defendants' improvements 'lies within the area where this fence ' formerly existed. From this' they argue that 'the establishment of the fence was sufficient to cause the application of the doctrine of adverse possession.

The evidence indicates that Gonterman pastured, cultivated and occasionally cut timber from the enclosed area and that the fence remained in place until the early 1930's, when, after a part of it had been destroyed, the remainder was removed by Gonterman himself. The trial court was of opinion that the fence had been located at that place from necessity rather than as an actual monument to the true line because in that section the terrain was rough and there were few places where a fence conveniently could be constructed, and hostile, adverse domination was not shown. We think the court properly concluded that a claim of adverse possession had not been established. Moreover; since the plaintiffs' predecessor, S. L. Gonterman, voluntarily removed the fence, this act indicates the original fencing was not done for the purpose of holding adversely.

■■ The plaintiffs next argue that the deed of 1946 to defendants was champertous. This argument is based upon the hypothesis that their claim of adverse possession was sound. See Prewitt v. Bull, 234 Ky. 18, 27 S.W.2d 399; Lanham v. Huff, 228 Ky. 139, 14 S.W.2d 402. It must also be noted that in this action, plaintiffs sought affirmatively to establish title to the land. The plea of champerty is available to a party only in defense of a claim. Gatliff Coal Co. v. Lawson, Ky., 247 S.W. 2d 375.

Plaintiffs finally argue on their cross-appeal that the trial court erred in awarding improvements to defendants after it was adjudged that plaintiffs were entitled to possession of all the land north of the division line. This argument assumes that a part of defendants' improvements were erected north of the division line established by the court. We have been presented with no evidence of the location of the improvements, other than the cave

house and, as we have pointed out above, Exhibit No. 26 shows that the cave house is on land properly awarded to defendants.

We are of opinion that the trial court exercised a sound discretion in the distribution of the costs.

Wherefore the judgment is affirmed, both on appeal and on cross-appeal.